# EXHIBIT A

FILED
03-04-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000124
Honorable Ramona A.
Gonzalez
Branch 1

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE**

City of La Crosse vs. The 3M Company et al          **Electronic Filing Notice**

Case No. 2021CV000124
Class Code: Product Liability

THE 3M COMPANY
SUITE 400
8040 EXCELSIOR DRIVE
MADISON WI 53717

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

FILED
03-04-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000124
Honorable Ramona A.
Gonzalez
Branch 1

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE**

City of La Crosse vs. The 3M Company et al          **Electronic Filing Notice**

Case No. 2021CV000124
Class Code: Product Liability

AGC CHEMICALS AMERICAS INC.
SUITE 201
55 E. UWCHLAN AVENUE
EXTON PA 19341

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

**FILED**

**03-04-2021**

**Clerk of Circuit Court**

**La Crosse County WI**

**2021CV000124**

**Honorable Ramona A. Gonzalez**

**Branch 1**

| | | |
|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT** | **LA CROSSE** |

City of La Crosse vs. The 3M Company et al

**Electronic Filing Notice**

Case No. 2021CV000124
Class Code: Product Liability

AMEREX CORPORATION
SUITE 1
301 S. BEDFORD ST.
MADISON WI 53703

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

GF-180(CCAP), 06/2017 Electronic Filing Notice

This form shall not be modified. It may be supplemented with additional material.

§801.18(5)(d), Wisconsin Statutes

FILED
03-04-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000124
Honorable Ramona A.
Gonzalez
Branch 1

**STATE OF WISCONSIN**　　　**CIRCUIT COURT**　　　**LA CROSSE**

City of La Crosse vs. The 3M Company et al | **Electronic Filing Notice**

Case No. 2021CV000124
Class Code: Product Liability

ARKEMA INC.
8040 EXCELSIOR DR
MADISON WI 53717

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **LA CROSSE**

City of La Crosse vs. The 3M Company et al

**Electronic Filing Notice**

Case No. 2021CV000124
Class Code: Product Liability

FILED

03-04-2021

Clerk of Circuit Court

La Crosse County WI

2021CV000124

Honorable Ramona A. Gonzalez

Branch 1

ARCHROMA MANAGEMENT LLC
STE 1
301 S BEDFORD ST
MADISON WI 53703

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

GF-180(CCAP), 06/2017 Electronic Filing Notice      §801.18(5)(d), Wisconsin Statutes

This form shall not be modified. It may be supplemented with additional material.

| STATE OF WISCONSIN | CIRCUIT COURT | LA CROSSE |
|---|---|---|

City of La Crosse vs. The 3M Company et al

**Electronic Filing Notice**

Case No. 2021CV000124
Class Code: Product Liability

FILED

03-04-2021

Clerk of Circuit Court

La Crosse County WI

2021CV000124

Honorable Ramona A. Gonzalez

Branch 1

BASF CORPORATION
STE 1
301 S BEDFORD ST
MADISON WI 53703

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

| **STATE OF WISCONSIN** | **CIRCUIT COURT** | **LA CROSSE** |
|---|---|---|

City of La Crosse vs. The 3M Company et al

**Electronic Filing Notice**

Case No. 2021CV000124
Class Code: Product Liability

FILED
03-04-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000124
Honorable Ramona A.
Gonzalez
Branch 1

BUCKEYE FIRE EQUIPMENT COMPANY
110 KINGS RD
PO BOX 428
KINGS MOUNTAIN NC 28086

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

FILED
03-04-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000124
Honorable Ramona A.
Gonzalez
Branch 1

| STATE OF WISCONSIN | CIRCUIT COURT | LA CROSSE |
|---|---|---|

City of La Crosse vs. The 3M Company et al

**Electronic Filing Notice**

Case No. 2021CV000124
Class Code: Product Liability

CARRIER GLOBAL CORPORATION
13995 PASTEUR BLVD
PALM BEACH GARDENS FL 33418

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

§801.18(5)(d), Wisconsin Statutes

This form shall not be modified. It may be supplemented with additional material.

| STATE OF WISCONSIN | CIRCUIT COURT | LA CROSSE |
|---|---|---|

City of La Crosse vs. The 3M Company et al

**Electronic Filing Notice**

Case No. 2021CV000124
Class Code: Product Liability

FILED

03-04-2021

Clerk of Circuit Court
La Crosse County WI

2021CV000124

Honorable Ramona A.
Gonzalez

Branch 1

CHEMDESIGN PRODUCTS INC.
STE 400
8040 EXCELSIOR DR
MADISON WI 53717

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

This form shall not be modified. It may be supplemented with additional material.

FILED
03-04-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000124
Honorable Ramona A.
Gonzalez
Branch 1

| STATE OF WISCONSIN | CIRCUIT COURT | LA CROSSE |
|---|---|---|

City of La Crosse vs. The 3M Company et al

**Electronic Filing Notice**

Case No. 2021CV000124
Class Code: Product Liability

CHEMGAURD INC.
ONE STANTON ST
MARINETTE WI 54143

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

This form shall not be modified. It may be supplemented with additional material.

FILED

03-04-2021

Clerk of Circuit Court

La Crosse County WI

2021CV000124

Honorable Ramona A. Gonzalez

Branch 1

| STATE OF WISCONSIN | CIRCUIT COURT | LA CROSSE |
|---|---|---|

City of La Crosse vs. The 3M Company et al

**Electronic Filing Notice**

Case No. 2021CV000124
Class Code: Product Liability

CLARIANT CORPORATION
STE 400
8040 EXCELSIOR DR
MADISON WI 53717

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

**This form shall not be modified. It may be supplemented with additional material.**

FILED

03-04-2021

Clerk of Circuit Court

La Crosse County WI

2021CV000124

Honorable Ramona A.
Gonzalez

Branch 1

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE**

City of La Crosse vs. The 3M Company et al          **Electronic Filing
Notice**

Case No. 2021CV000124
Class Code: Product Liability

CORTEVA INC
STE 1
301 S BEDFORD ST
MADISON WI 53703

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County
Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange
of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through
the court electronic filing website. A document filed electronically has the same legal effect as
a document filed by traditional means. Electronic parties are responsible for serving
non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at
**http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a
$20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you
will need to enter the following code on the eFiling website while opting in as an electronic
party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents
by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are
authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm,
agency, corporation, or other group. Non-attorney individuals representing the interests of a
business, such as garnishees, must file by traditional means or through an attorney or filing
agent. More information about who may participate in electronic filing is found on the court
website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at
608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

GF-180(CCAP), 06/2017 Electronic Filing Notice          §801.18(5)(d), Wisconsin Statutes

This form shall not be modified. It may be supplemented with additional material.

FILED
03-04-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000124
Honorable Ramona A.
Gonzalez
Branch 1

| STATE OF WISCONSIN | CIRCUIT COURT | LA CROSSE |
|---|---|---|

City of La Crosse vs. The 3M Company et al

**Electronic Filing Notice**

Case No. 2021CV000124
Class Code: Product Liability

DEEPWATER CHEMICALS, INC.
196122 E COUNTY RD 40
WOODWARD OK 73801

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

FILED

03-04-2021

Clerk of Circuit Court

La Crosse County WI

2021CV000124

Honorable Ramona A.
Gonzalez

Branch 1

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE**

City of La Crosse vs. The 3M Company et al

**Electronic Filing
Notice**

Case No. 2021CV000124
Class Code: Product Liability

DUPONT DE NEMOURS, INC.
BUILDING 730
974 CENTRE RD
WILMINGTON DE 19805

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

GF-180(CCAP), 06/2017 Electronic Filing Notice          §801.18(5)(d), Wisconsin Statutes

This form shall not be modified. It may be supplemented with additional material.

FILED
03-04-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000124
Honorable Ramona A.
Gonzalez
Branch 1

| STATE OF WISCONSIN | CIRCUIT COURT | LA CROSSE |
|---|---|---|

City of La Crosse vs. The 3M Company et al

**Electronic Filing Notice**

Case No. 2021CV000124
Class Code: Product Liability

DYNAX CORPORATION
79 WESTCHESTER AVE
PO BOX 285
POUND RIDGE NY 10576

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

FILED

03-04-2021

Clerk of Circuit Court

La Crosse County WI

2021CV000124

Honorable Ramona A.
Gonzalez

Branch 1

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **LA CROSSE**

City of La Crosse vs. The 3M Company et al     **Electronic Filing Notice**

Case No. 2021CV000124
Class Code: Product Liability

E. I. DUPONT DE NEMOURS AND COMPANY
STE 1
301 S BEDFORD ST
MADISON WI 53703

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

This form shall not be modified. It may be supplemented with additional material.

**FILED**

**03-04-2021**

**Clerk of Circuit Court**

**La Crosse County WI**

**2021CV000124**

**Honorable Ramona A. Gonzalez**

**Branch 1**

| STATE OF WISCONSIN | CIRCUIT COURT | LA CROSSE |
|---|---|---|

City of La Crosse vs. The 3M Company et al

**Electronic Filing Notice**

Case No. 2021CV000124
Class Code: Product Liability

KIDDE-FENWAL, INC.
400 MAIN ST
ASHLAND MA 01721

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

§801.18(5)(d), Wisconsin Statutes

This form shall not be modified. It may be supplemented with additional material.

FILED

03-04-2021

Clerk of Circuit Court

La Crosse County WI

2021CV000124

Honorable Ramona A.
Gonzalez

Branch 1

| STATE OF WISCONSIN | CIRCUIT COURT | LA CROSSE |
|---|---|---|

City of La Crosse vs. The 3M Company et al

**Electronic Filing
Notice**

Case No. 2021CV000124
Class Code: Product Liability

NATION FORD CHEMICAL COMPANY
2300 BANKS ST
FORT MILL SC 29715

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

GF-180(CCAP), 06/2017 Electronic Filing Notice                §801.18(5)(d), Wisconsin Statutes

This form shall not be modified. It may be supplemented with additional material.

| STATE OF WISCONSIN | CIRCUIT COURT | LA CROSSE |
|---|---|---|

FILED

03-04-2021

Clerk of Circuit Court

La Crosse County WI

2021CV000124

Honorable Ramona A. Gonzalez

Branch 1

City of La Crosse vs. The 3M Company et al

**Electronic Filing Notice**

Case No. 2021CV000124
Class Code: Product Liability

NATIONAL FOAM, INC.
350 E UNION ST
WEST CHESTER PA 19382

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

GF-180(CCAP), 06/2017 Electronic Filing Notice     §801.18(5)(d), Wisconsin Statutes

This form shall not be modified. It may be supplemented with additional material.

FILED
03-04-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000124
Honorable Ramona A.
Gonzalez
Branch 1

**STATE OF WISCONSIN**  |  **CIRCUIT COURT**  |  **LA CROSSE**

| | | |
|---|---|---|
| City of La Crosse vs. The 3M Company et al | **Electronic Filing Notice** | |

Case No. 2021CV000124
Class Code: Product Liability

THE CHEMOURS COMPANY FC, LLC
STE 1
301 S BEDFORD ST
MADISON WI 53703

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

§801.18(5)(d), Wisconsin Statutes

This form shall not be modified. It may be supplemented with additional material.

FILED
03-04-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000124
Honorable Ramona A.
Gonzalez
Branch 1

| STATE OF WISCONSIN | CIRCUIT COURT | LA CROSSE |
|---|---|---|

City of La Crosse vs. The 3M Company et al

**Electronic Filing Notice**

Case No. 2021CV000124
Class Code: Product Liability

TYCO FIRE PRODUCTS, LP
301 S BEDFORD ST, STE 1
MADISON WI 53703

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

| STATE OF WISCONSIN | CIRCUIT COURT | LA CROSSE |
|---|---|---|

City of La Crosse vs. The 3M Company et al

**Electronic Filing Notice**

Case No. 2021CV000124
Class Code: Product Liability

FILED
03-04-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000124
Honorable Ramona A. Gonzalez
Branch 1

DOE DEFENDANTS 1-20

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

This form shall not be modified. It may be supplemented with additional material.

FILED

03-04-2021

Clerk of Circuit Court

La Crosse County WI

2021CV000124

Honorable Ramona A.
Gonzalez

Branch 1

| STATE OF WISCONSIN | CIRCUIT COURT | LA CROSSE |
|---|---|---|

City of La Crosse vs. The 3M Company et al

**Electronic Filing
Notice**

Case No. 2021CV000124
Class Code: Product Liability

CHEMICALS, INC.
12321 HATCHERVILLE
BAYTOWN TX 77520

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County
Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange
of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through
the court electronic filing website. A document filed electronically has the same legal effect as
a document filed by traditional means. Electronic parties are responsible for serving
non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at
**http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a
$20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you
will need to enter the following code on the eFiling website while opting in as an electronic
party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents
by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are
authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm,
agency, corporation, or other group. Non-attorney individuals representing the interests of a
business, such as garnishees, must file by traditional means or through an attorney or filing
agent. More information about who may participate in electronic filing is found on the court
website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at
608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

§801.18(5)(d), Wisconsin Statutes

This form shall not be modified. It may be supplemented with additional material.

**FILED**

**03-04-2021**

**Clerk of Circuit Court**

**La Crosse County WI**

**2021CV000124**

**Honorable Ramona A. Gonzalez**

**Branch 1**

| **STATE OF WISCONSIN** | **CIRCUIT COURT** | **LA CROSSE** |
|---|---|---|

City of La Crosse vs. The 3M Company et al                 **Electronic Filing Notice**

Case No. 2021CV000124
Class Code: Product Liability

THE CHEMOURS COMPANY
PO BOX 2047
1007 MARKET STREET
WILMINGTON DE 19899

Case number 2021CV000124 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: cb46a7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: March 4, 2021

GF-180(CCAP), 06/2017 Electronic Filing Notice                 §801.18(5)(d), Wisconsin Statutes

**This form shall not be modified. It may be supplemented with additional material.**

FILED
03-04-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000124
Honorable Ramona A.
Gonzalez
Branch 1

**STATE OF WISCONSIN CIRCUIT COURT**
**LA CROSSE COUNTY**

|  |  |  |
|---|---|---|
| CITY OF LA CROSSE, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *-vs -* | ) | |
| | ) | **SUMMONS** |
| THE 3M COMPANY, f/k/a Minnesota Mining and | ) | |
| Manufacturing Co., AGC CHEMICALS AMERICAS INC., | ) | **Case No.:** |
| AMEREX CORPORATION, ARKEMA INC., | ) | |
| ARCHROMA MANAGEMENT LLC, BASF | ) | **Jury Trial Demanded** |
| CORPORATION, individually and as successor in interest to | ) | |
| Ciba Inc., BUCKEYE FIRE EQUIPMENT COMPANY, | ) | |
| CARRIER GLOBAL CORPORATION, CHEMDESIGN | ) | |
| PRODUCTS INC., CHEMGUARD INC. CHEMICALS, | ) | |
| INC., CLARIANT CORPORATION, individually and as | ) | |
| successor in interest to Sandoz Chemical Corporation, | ) | |
| CORTEVA, INC., individually and as successor in interest to | ) | |
| DuPont Chemical Solutions Enterprise, DEEPWATER | ) | |
| CHEMICALS, INC., DUPONT DE NEMOURS INC., | ) | |
| individually and as successor in interest to DuPont Chemical | ) | |
| Solutions Enterprise, DYNAX CORPORATION, E. I. | ) | |
| DUPONT DE NEMOURS AND COMPANY, individually | ) | |
| and as successor in interest to DuPont Chemical Solutions | ) | |
| Enterprise, KIDDE-FENWAL, INC., individually and as | ) | |
| successor in interest to Kidde Fire Fighting, Inc., NATION | ) | |
| FORD CHEMICAL COMPANY, NATIONAL FOAM, | ) | |
| INC., THE CHEMOURS COMPANY, individually and as | ) | |
| successor in interest to DuPont Chemical Solutions | ) | |
| Enterprise, THE CHEMOURS COMPANY FC, LLC, | ) | |
| individually and as successor in interest to DuPont Chemical | ) | |
| Solutions Enterprise, TYCO FIRE PRODUCTS, LP, | ) | |
| individually and as successor in interest to The Ansul | ) | |
| Company, and DOE DEFENDANTS 1-20, fictitious names | ) | |
| whose present identities are unknown, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| | ) | |

THE STATE OF WISCONSIN, to each party named above as a Defendant:

You are hereby notified that the Plaintiffs named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Court, whose address is La Crosse County Courthouse, 333 Vine St, La Crosse, WI 54601, and to the attorneys for Plaintiff, Crueger Dickinson LLC, whose address is 4532 North Oakland Avenue, Whitefish Bay, Wisconsin 53211.

You may have an attorney help or represent you. If you do not provide a proper Answer within forty-five (45) days, the Court may grant judgment against you for the award of money damages or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money damages may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

DATED this 4th day of March 2021.

Respectfully submitted,

**CRUEGER DICKINSON, LLC**

Electronically Signed By: _/s/ Erin Dickinson, Esq._

Charles J. Crueger, Esq. (SBN: 1029825)

Erin K. Dickinson, Esq. (SBN: 1036707)
Benjamin A. Kaplan, Esq. (SBN: 1082802)
4532 N. Oakland Ave,
Whitefish Bay, WI 53211
(414) 210-3868
cjc@cruegerdickinson.com
ekd@cruegerdickinson.com
bak@cruegerdickinson.com


**NAPOLI SHKOLNIK, PLLC**
Paul J. Napoli, Esq.
Andrew W. Croner, Esq.
Michelle Greene, Esq.
360 Lexington Avenue, 11th Fl.
New York, New York 10017
(212) 397-1000
pnapoli@nsprlaw.com
acroner@napolilaw.com
mgreene@napolilaw.com

**FILED**
**03-04-2021**
**Clerk of Circuit Court**
**La Crosse County WI**
**2021CV000124**
**Honorable Ramona A.**
**Gonzalez**
**Branch 1**

# STATE OF WISCONSIN CIRCUIT COURT
# LA CROSSE COUNTY

|  |  |  |
|---|---|---|
| CITY OF LA CROSSE, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| -*vs* - | ) | **COMPLAINT** |
| | ) | |
| THE 3M COMPANY, f/k/a Minnesota Mining and | ) | **Case No.:** |
| Manufacturing Co., AGC CHEMICALS AMERICAS INC., | ) | |
| AMEREX CORPORATION, ARKEMA INC., | ) | **Jury Trial Demanded** |
| ARCHROMA MANAGEMENT LLC, BASF | ) | |
| CORPORATION, individually and as successor in interest to | ) | |
| Ciba Inc., BUCKEYE FIRE EQUIPMENT COMPANY, | ) | |
| CARRIER GLOBAL CORPORATION, CHEMDESIGN | ) | |
| PRODUCTS INC., CHEMGUARD INC. CHEMICALS, | ) | |
| INC., CLARIANT CORPORATION, individually and as | ) | |
| successor in interest to Sandoz Chemical Corporation, | ) | |
| CORTEVA, INC., individually and as successor in interest to | ) | |
| DuPont Chemical Solutions Enterprise, DEEPWATER | ) | |
| CHEMICALS, INC., DUPONT DE NEMOURS INC., | ) | |
| individually and as successor in interest to DuPont Chemical | ) | |
| Solutions Enterprise, DYNAX CORPORATION, E. I. | ) | |
| DUPONT DE NEMOURS AND COMPANY, individually | ) | |
| and as successor in interest to DuPont Chemical Solutions | ) | |
| Enterprise, KIDDE-FENWAL, INC., individually and as | ) | |
| successor in interest to Kidde Fire Fighting, Inc., NATION | ) | |
| FORD CHEMICAL COMPANY, NATIONAL FOAM, | ) | |
| INC., THE CHEMOURS COMPANY, individually and as | ) | |
| successor in interest to DuPont Chemical Solutions | ) | |
| Enterprise, THE CHEMOURS COMPANY FC, LLC, | ) | |
| individually and as successor in interest to DuPont Chemical | ) | |
| Solutions Enterprise, TYCO FIRE PRODUCTS, LP, | ) | |
| individually and as successor in interest to The Ansul | ) | |
| Company, and DOE DEFENDANTS 1-20, fictitious names | ) | |
| whose present identities are unknown, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

CITY OF LA CROSSE (the "City"), by and through undersigned counsel, hereby files this Complaint against Defendants, 3M COMPANY, f/k/a Minnesota Mining and Manufacturing Co., AGC CHEMICALS AMERICAS INC., AMEREX CORPORATION, ARKEMA INC., ARCHROMA MANAGEMENT LLC, BASF CORPORATION, BUCKEYE FIRE EQUIPMENT COMPANY, CARRIER GLOBAL CORPORATION, CHEMDESIGN PRODUCTS INC., CHEMGUARD INC., CHEMICALS, INC., CLARIANT CORPORATION, CORTEVA, INC., DEEPWATER CHEMICALS, INC., DUPONT DE NEMOURS INC., DYNAX CORPORATION, E. I. DUPONT DE NEMOURS AND COMPANY, KIDDE-FENWAL, INC., NATION FORD CHEMICAL COMPANY, NATIONAL FOAM, INC., THE CHEMOURS COMPANY, THE CHEMOURS COMPANY FC, LLC, TYCO FIRE PRODUCTS LP, and DOE DEFENDANTS 1-20, fictitious names whose present identifies are unknown (collectively "Defendants"), and alleges, upon information and belief, as follows:

## INTRODUCTION

1.      Defendants have contaminated the City of La Crosse's (hereinafter "Plaintiff" or the "City"), public water supply wells as well as private wells located in the flow zone from the City's airport.  Therefore, the City brings this action against Defendants to protect the public health, safety, welfare, and the environment and recover the substantial cost of the treatment and removal of the contamination.

2.      Defendants manufactured, marketed, and sold aqueous film-forming foam ("AFFF"), a firefighting product used to control and extinguish aviation, marine, fuel, and other flammable liquid fires ("the AFFF Products").

3.      Defendants' AFFF Products contained per- and poly-fluoroalkyl substances ("PFAS"), including perfluorooctane sulfonate ("PFOS") and perfluorooctanoic acid ("PFOA"),

chemicals that Defendants have known for decades would contaminate the water and cause adverse health effects and could have foreseen would cause a profound risk to public health in communities such as the City.

4.    PFOS and PFOA chemicals that seep into the soil and water are dangerous because they are mobile, persist in the environment, bioaccumulate in individual organisms and humans, and biomagnify up the food chain.

5.    PFOS and PFOA chemicals are associated with multiple significant adverse health effects in humans, including but not limited to kidney cancer, testicular cancer, high cholesterol, thyroid disease, ulcerative colitis, and pregnancy-induced hypertension.

6.    Defendants were aware since the 1960s and 1970s that PFOA and PFOS were toxic, do not biodegrade, are persistent in the environment, move easily through soil and groundwater, and pose a significant risk to human health and health and safety; yet Defendants elected to manufacture and sell products utilizing these chemicals without warning their customers, placing profits over public health and safety.

7.    Defendants elected to include PFOA and/or PFOS in their AFFF Products knowing it was dangerous and even though there was no requirement to do so.

8.    Defendants designed, manufactured, marketed, distributed, and/or sold AFFF Products knowing that the PFOA and/or PFOS in these Products would be released into the environment during fire protection, training, and response activities, even when used as directed and intended by Defendants.

9.    Despite their knowledge, Defendants kept this information hidden from customers like the City and the firefighters who would use and be directly exposed to their products.

10. Civilian and military airports, fire departments and industrial facilities used AFFF Products containing PFOA and PFOS for decades for firefighting and training, including at the La Crosse Regional Airport ("LSE"), unaware of the environmental and health risk and hazards of using Defendants' AFFF Products.

11. These sites have been linked to contamination of surface and groundwater, as well as public drinking water wells, with PFOA, PFOS, and other perfluorinated chemicals ("PFCs") throughout the country. The City is the latest example.

12. Unaware of the hidden dangers of the chemicals contained in Defendants AFFF Products, the City routinely used Defendants' AFFF Products in fire training exercises, to fight fires and in annual testing. As a result, the PFOA/PFOS Defendants used in their AFFF Products seeped into the ground water at LSE airport and into a flow zone south of the airport, contaminating both municipal and private wells used to supply residents with drinking water.

13. As a result of the contamination caused by Defendants' AFFF Products, the City has had to engage in testing to try and determine the extent of the contamination, to retain consulting experts to discuss remediation, supply bottled water to residents, and is facing additional substantial cost and future expenses as a result of Defendants' conduct. Indeed, testing has revealed PFOA/PFOS contamination far above proposed state and federal standards.

14. Defendants' AFFF Products have created an unreasonable danger to public health and safety in the City of La Crosse. This condition must be remediated to protect the public health.

15. The City brings this action to recover the costs incurred and to be incurred by the City in investigating, monitoring, remediating, treating, and otherwise responding to the PFOA/PFOS water contamination crisis in the City of La Crosse, to stem the threat to public health

4

and the environment caused by Defendants' AFFF products, and to ensure the cost of the water treatment be borne by the polluters—Defendants—not the City and its residents.

## JURISDICTION AND VENUE

16.     This Court has personal jurisdiction over Defendants, ChemDesign Products Inc.; Chemguard, Inc.; Tyco Fire Products LP pursuant to Wis. Stat. §§ 801.05(1)(d), (4), and (5) due to Defendants' engagement in substantial and not isolated activities within this state and have their principal place of business in Wisconsin.

17.     Upon information and belief, this Court has personal jurisdiction over 3M COMPANY, f/k/a Minnesota Mining and Manufacturing Co., AGC CHEMICALS AMERICAS INC., AMEREX CORPORATION, ARKEMA INC., ARCHROMA MANAGEMENT LLC, BASF CORPORATION, BUCKEYE FIRE EQUIPMENT COMPANY, CARRIER GLOBAL CORPORATION, CHEMDESIGN PRODUCTS INC., CHEMGUARD INC., CHEMICALS, INC., CLARIANT CORPORATION, CORTEVA, INC., DEEPWATER CHEMICALS, INC., DUPONT DE NEMOURS INC., DYNAX CORPORATION, E. I. DUPONT DE NEMOURS AND COMPANY, KIDDE-FENWAL, INC., NATION FORD CHEMICAL COMPANY, NATIONAL FOAM, INC., THE CHEMOURS COMPANY, THE CHEMOURS COMPANY FC, LLC, TYCO FIRE PRODUCTS LP, and DOE DEFENDANTS 1-20, under Wis. Stat. §§ 801.05(1)(d), (4), and (5) as they do business in Wisconsin by manufacturing and selling materials in this State and/or to this State.

18.     Upon information and belief, and at all times relevant to the Complaint, these Defendants conducted substantial business in Wisconsin, solicited sales of AFFF Products to numerous firefighting customers in this State, including the City, sold and delivered AFFF Products for use in this State by numerous firefighting customers, including the City, registered to do business in this State, and otherwise availed themselves to the legal rights in Wisconsin thereby.

19.     This Court has personal jurisdiction over these Defendants as they engage in business in Wisconsin such that it is reasonably foreseeable that they would be subject to jurisdiction of the courts of this State.

20.     Upon information and belief, these Defendants also maintained websites accessible to Wisconsin customers.

21.     Venue is proper under Wis. Stat. §§ 801.50(2) (a) & (b), as the claim arose within the La Crosse County and it is in this county where the tangible personal property subject to this claim is situated.

## PARTIES

**A.     Plaintiff**

22.     Plaintiff City of La Crosse is a municipal corporation organized under the laws of the State of Wisconsin, with its principal place of business located at 400 La Crosse Street, La Crosse, WI 54601.

23.     Plaintiff's City Water Utility is responsible for operating and maintaining 15 wells, two reservoirs, over 220 miles of watermain and the main pumping station.

24.     Through the City's Water Utility, the City provides high quality, safe, potable water to its residents and to some residents in the surrounding municipalities. The Water Utility serves most developed areas within the City limits and the designated fringe areas abutting the City limits as established by the Common Council on May 14, 1953, and Dec. 8, 2005.

25.     The City Water Utility operates as a public enterprise but receives no tax money. Instead, it operates on revenues from the sale of water and from private and public fire-protection fees, with the revenue from the sale of water services constituting the major source of income.

26.     The City operates the La Crosse Fire Department which responds to calls for fire suppression, emergency medical services, and all-hazards rescue as well as promoting fire safety and reducing risks to the community.

27.     The City also operates the La Crosse Regional Airport ("LSE").  Several municipal wells are located on or near the airport.

28.     For decades, Defendants' AFFF Products were used at the LSE in routine fire training exercises, crash applications and routine testing required by the FAA.  As Plaintiff was unaware of the serious dangers of the PFOS and PFOA chemicals contained in Defendants' AFFF Products, those products were discharged onto the soil during these training exercises, applications and testing.

29.     Starting in or around 2014, the City Water Utility was chosen as a participant in US Environmental Protection Agency's third round of its Unregulated Contaminant Monitoring Rule (UCMR3) program. This program required water utilities throughout the country to sample for unregulated contaminants such as PFOA and PFOS.

30.     As a result of the UCMR3 sampling, perfluoro-octanesulfonic acid (PFOS) and perfluorooctanoic acid (PFOA) were detected above recommended levels in La Crosse Well 23 during 2014 and 2016.  Later, PFOA and PFOS were also detected above recommended levels in City Well 24.

31.     Upon receiving these samples, Plaintiff contacted the Wisconsin Department of Natural Resources ("WDNR") to make the agency aware of the results of its samples and to engage the agency in identifying and analyzing the sources of the contamination and its scope.

7

32.     After reviewing the initial sampling data, the Wisconsin DNR concluded that impacts to municipal wells 23 and 24 posed "a threat to public health, safety, welfare or the environment" and that this "threat to the environment" was created by fire-fighting foam.

33.     The fire-fighting foams causing the risk to public health and safety were the AFFF Products manufactured and sold by Defendants.

34.     Unaware of the dangers Defendants' AFFF Products posed, those products were used in in unchanged form and were discharged into the environment for decades through the foreseeable training, storage and use of the AFFF at the LSE.

35.     Defendants' AFFF Products containing PFOA and PFOS contaminated the groundwater supply that Plaintiff was using to supply its residents.

36.     After PFOS and PFOA contamination was discovered at the LSE, Plaintiff began an aggressive testing program to determine the bounds of the contamination and ensure that residents were protected from these chemicals' dangerous effects.

37.     Beginning in October 2020, Plaintiff sampled over 100 wells including municipal and private residential wells.  PFOA and PFOS contaminants were detected in dozens of private wells in the flow zone from the airport.

38.     Additionally, upon learning of the contamination, Plaintiff took immediate action to protect the affected residents, including expanded and regular testing, supplying bottled water to affected residents and taking its two contaminated municipal wells offline so that contaminated water would not reach La Crosse area residents.

39.     Plaintiff continues to actively monitor the PFOS and PFOA contamination and its risk to its water supply, continues to supply water to impacted residents, and is facing costly remediation solutions.

40.     Plaintiff has incurred and will incur expenses to deal with the contaminated water and infrastructure modifications to ensure each residential and commercial property is served clean and safe water and will incur future sampling and remediation costs for PFOA and PFOS.

41.     To date, Plaintiff has had to bear all the burden of contamination caused by Defendants.  Plaintiff's lawsuit seeks to hold Defendants' accountable for these costs as well as abating the public nuisance Defendants caused in the community.

**B.     Defendants**

42.     The term "Defendants" refers to all Defendants named herein jointly and severally.

    i.     The AFFF Defendants

43.     The term "AFFF Defendants" refers collectively to Defendants 3M Company, Amerex Corporation, Buckeye Fire Equipment Company, Carrier Global Corporation, Chemguard Inc., Kidde-Fenwal, Inc., National Foam, Inc., and Tyco Fire Products L.P..

44.     Defendant The 3M Company f/k/a Minnesota Mining and Manufacturing Co. ("3M") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3M Center, St. Paul, Minnesota 55144-1000.

45.     Beginning before 1970 and until at least 2002, 3M designed, manufactured, marketed, distributed, and sold AFFF containing PFAS, including but not limited to PFOA and PFOS.

46.     Defendant Amerex Corporation ("Amerex") is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business located at 7595 Gadsden Highway, Trussville, AL 35173.

47.     Amerex is a manufacturer of firefighting products. Beginning in 1971, it was a manufacturer of hand portable and wheeled extinguishers for commercial and industrial applications.

9

48.     In 2011, Amerex acquired Solberg Scandinavian AS, one of the largest manufacturers of AFFF products in Europe.

49.     On information and belief, beginning in 2011, Amerex designed, manufactured, marketed distributed, and sold AFFF containing PFAS, including but not limited to PFOA and PFOS.

50.     Defendant Tyco Fire Products LP ("Tyco") is a limited partnership organized under the laws of the State of Delaware, with its principal place of business located at One Stanton Street, Marinette, Wisconsin 54143-2542.

51.     Tyco is the successor in interest of The Ansul Company ("Ansul"), having acquired Ansul in 1990.

52.     Beginning in or around 1975, Ansul designed, manufactured, marketed, distributed, and sold AFFF containing PFAS, including but not limited to PFOA and PFOS.

53.     After Tyco acquired Ansul in 1990, Tyco/Ansul continued to design, manufacture, market, distribute, and sell AFFF products containing PFAS, including but not limited to PFOA and PFOS.

54.     Defendant Chemguard, Inc. ("Chemguard") is a corporation organized under the laws of the State of Texas, with its principal place of business located at One Stanton Street, Marinette, Wisconsin 54143.

55.     On information and belief, Chemguard designed, manufactured, marketed, distributed, and sold AFFF products containing PFAS, including but not limited to PFOA and PFOS.

56.     On information and belief, Chemguard was acquired by Tyco International Ltd. in 2011.

57.     Defendant Buckeye Fire Equipment Company ("Buckeye") is a corporation organized under the laws of the State of Ohio, with its principal place of business located at 110 Kings Road, Kings Mountain, North Carolina 28086.

58.     On information and belief, Buckeye designed, manufactured, marketed, distributed, and sold AFFF products containing PFAS, including but not limited to PFOA and PFOS.

59.     Defendant National Foam, Inc. ("National Foam") is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 141 Junny Road, Angier, North Carolina 27501.

60.     Beginning in or around 1973, National Foam designed, manufactured, marketed, distributed, and sold AFFF containing PFAS, including but not limited to PFOA and PFOS.

61.     On information and belief, National Foam currently manufactures the Angus brand of AFFF products and is a subsidiary of Angus International Safety Group.

62.     On information and belief, National Foam merged with Chubb Fire Ltd. to form Chubb National Foam, Inc. in or around 1988.

63.     On information and belief, Chubb is or has been composed of different subsidiaries and/or divisions, including but not limited to, Chubb Fire & Security Ltd., Chubb Security, PLC, Red Hawk Fire & Security, LLC, and/or Chubb National Foam, Inc. (collectively referred to as "Chubb").

64.     On information and belief, Chubb was acquired by Williams Holdings in 1997.

65.     On information and belief, Angus Fire Armour Corporation had previously been acquired by Williams Holdings in 1994.

66.     On information and belief, Williams Holdings was demerged into Chubb and Kidde P.L.C. in or around 2000.

11

67. On information and belief, when Williams Holdings was demerged, Kidde P.L.C. became the successor in interest to National Foam System, Inc. and Angus Fire Armour Corporation.

68. On information and belief, Kidde P.L.C. was acquired by United Technologies Corporation in or around 2005.

69. On information and belief, Angus Fire Armour Corporation and National Foam separated from United Technologies Corporation in or around 2013.

70. Defendant Kidde-Fenwal, Inc. ("Kidde-Fenwal") is a corporation organized under the laws of the State of Delaware, with its principal place of business at One Financial Plaza, Hartford, Connecticut 06101.

71. On information and belief, Kidde-Fenwal was an operating subsidiary of Kidde P.L.C. and manufactured AFFF following Kidde P.L.C.'s acquisition by United Technologies Corporation.

72. On information and belief, Kidde-Fenwal is the entity that divested the AFFF business unit now operated by National Foam in 2013.

73. Defendant Carrier Global Corporation ("Carrier") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 13995 Pasteur Boulevard, Palm Beach Gardens, Florida 33418.

74. On information and belief, Carrier was formed in March 2020 when United Technologies Corporation spun off its fire and security business before it merged with Raytheon Company in April 2020.

75. On information and belief, Kidde-Fenwal became a subsidiary of Carrier when United Technologies Corporation spun off its fire and security business in March 2020.

76.     On information and belief, the AFFF Defendants designed, manufactured, marketed, distributed, and sold AFFF products containing PFOS, PFOA, and/or their chemical precursors that were stored, handled, used, trained with, tested equipment with, otherwise discharged, and/or disposed at LSE.

ii.     The Fluorosurfactant Defendants

77.     The term **"Fluorosurfactant Defendants"** refers collectively to Defendants 3M, Arkema, Inc., BASF Corporation, ChemDesign Products Incorporated, Chemguard Inc., Deepwater Chemicals, Inc., E.I. DuPont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, DuPont de Nemours Inc., and Dynax Corporation.

78.     Defendant Arkema, Inc. is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business at 900 First Avenue, King of Prussia, PA 19406.

79.     Arkema, Inc. develops specialty chemicals and polymers.

80.     Arkema, Inc. is an operating subsidiary of Arkema France, S.A.

81.     On information and belief, Arkema, Inc. designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

82.     Defendant BASF Corporation ("BASF") is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 100 Park Avenue, Florham Park, New Jersey 07932.

83.     On information and belief, BASF is the successor-in-interest to Ciba. Inc. (f/k/a Ciba Specialty Chemicals Corporation).

84.     On information and belief, Ciba Inc. designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

13

85.     Defendant ChemDesign Products Inc. ("ChemDesign") is a corporation organized under the laws of Delaware, with its principal place of business located at 2 Stanton Street, Marinette, WI, 54143.

86.     On information and belief, ChemDesign designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

87.     Defendant Deepwater Chemicals, Inc. ("Deepwater") is a corporation organized under the laws of Delaware, with its principal place of business located at 196122 E County Road 40, Woodward, OK, 73801.

88.     On information and belief, Deepwater Chemicals designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

89.     Defendant Dynax Corporation ("Dynax") is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 103 Fairview Park Drive, Elmsford, New York 10523.

90.     On information and belief, Dynax entered into the AFFF market on or about 1991 and quickly became a leading global producer of fluorosurfactants and fluorochemical stabilizers containing PFOS, PFOA, and/or their chemical precursors.

91.     On information and belief, Dynax designed, manufactured, marketed, distributed, and sold fluorosurfactants and fluorochemical stabilizers containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

92.     Defendant E.I. du Pont de Nemours & Company ("DuPont") is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 974 Centre Road, Wilmington, Delaware 19805.

93.     Defendant The Chemours Company ("Chemours Co.") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 1007 Market Street, P.O. Box 2047, Wilmington, Delaware, 19899.

94.     In 2015, DuPont spun off its performance chemicals business to Chemours Co., along with vast environmental liabilities which Chemours Co. assumed, including those related to PFOS and PFOA and fluorosurfactants. On information and belief, Chemours Co. has supplied fluorosurfactants containing PFOS and PFOA, and/or their chemical precursors to manufacturers of AFFF products.

95.     On information and belief, Chemours Co. was incorporated as a subsidiary of DuPont as of April 30, 2015. From that time until July 2015, Chemours Co. was a wholly-owned subsidiary of DuPont.

96.     In July 2015, DuPont spun off Chemours Co. and transferred to Chemours Co. its "performance chemicals" business line, which includes its fluoroproducts business, distributing shares of Chemours Co. stock to DuPont stockholders, and Chemours Co. has since been an independent, publicly-traded company.

97.     Defendant The Chemours Company FC, LLC ("Chemours FC") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 1007 Market Street, Wilmington, Delaware, 19899.

98.     Defendant Corteva, Inc. ("Corteva") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 974 Centre Rd., Wilmington, Delaware 19805.

99.     Defendant Dupont de Nemours Inc. f/k/a DowDuPont, Inc. ("Dupont de Nemours Inc.") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 974 Centre Road, Wilmington, Delaware 19805 and 2211 H.H. Dow Way, Midland, Michigan 48674.

100.    On June 1, 2019, DowDuPont separated its agriculture business through the spin-off of Corteva.

101.    Corteva was initially formed in February 2018. From that time until June 1, 2019, Corteva was a wholly-owned subsidiary of DowDuPont.

102.    On June 1, 2019, DowDuPont distributed to DowDuPont stockholders all issued and outstanding shares of Corteva common stock by way of a pro-rata dividend. Following that distribution, Corteva became the direct parent of E. I. Du Pont de Nemours & Co.

103.    Corteva holds certain DowDuPont assets and liabilities, including DowDuPont's agriculture and nutritional businesses.

104.    On June 1, 2019, DowDuPont, the surviving entity after the spin-off of Corteva and of another entity known as Dow, Inc., changed its name to DuPont de Nemours, Inc., to be known as DuPont ("New DuPont"). New DuPont retained assets in the specialty products business lines following the above-described spin-offs, as well as the balance of the financial assets and liabilities of E.I DuPont not assumed by Corteva.

105.     Defendants E. I. Du Pont de Nemours and Company; The Chemours Company;

The Chemours Company FC, LLC; Corteva, Inc.; and DuPont de Nemours, Inc. are collectively

referred to as "DuPont" throughout this Complaint.

106.     On information and belief, DuPont designed, manufactured, marketed, distributed,

and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in

AFFF products.

107.     On information and belief, 3M and Chemguard also designed, manufactured,

marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical

precursors for use in AFFF products.

108.     On information and belief, the Fluorosurfactant Defendants designed,

manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or

their chemical precursors for use in AFFF products that were stored, handled, used, trained with,

tested equipment with, otherwise discharged, and/or disposed at LSE.

iii.     The PFC Defendants

109.     The term "PFC Defendants" refers collectively to 3M, AGC Chemicals Americas

Inc., Archroma Management, LLC, ChemDesign Products, Inc., Chemicals, Inc., Clariant

Corporation, Deepwater Chemicals, Inc., E. I. DuPont de Nemours and Company, The Chemours

Company, The Chemours Company FC, LLC, Corteva, Inc., DuPont de Nemours Inc., and Nation

Ford Chemical Company.

110.     Defendant AGC Chemicals Americas, Inc. ("AGC") is a corporation organized and

existing under the laws of Delaware, having its principal place of business at 55 East Uwchlan

Avenue, Suite 201, Exton, PA 19341.

111. On information and belief, AGC Chemicals Americas, Inc. was formed in 2004 and is a subsidiary of AGC Inc., a foreign corporation organized under the laws of Japan, with its a principal place of business in Tokyo, Japan.

112. AGC manufactures specialty chemicals. It offers glass, electronic displays, and chemical products, including resins, water and oil repellants, greenhouse films, silica additives, and various fluorointermediates.

113. On information and belief, AGC designed, manufactured, marketed, distributed, and sold PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

114. Defendant Archroma Management, LLC ("Archroma") is a foreign corporation organized and existing under the laws of Switzerland, with its a principal place of business at Neuhofstrasse 11, 4153 Reinach, Basel-Land, Switzerland.

115. On information and belief, Archroma was formed in 2013 when Clariant Corporation divested its textile chemicals, paper specialties, and emulsions business to SK Capital Partners.

116. On information and belief, Archroma designed, manufactured, marketed, distributed, and sold PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

117. Defendant Chemicals, Inc. ("Chemicals, Inc.") is a corporation organized and existing under the laws of Texas, with its principal place of business located at 12321 Hatcherville, Baytown, TX 77520.

18

118. On information and belief, Chemicals, Inc. supplied PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

119. Defendant Clariant Corporation ("Clariant") is a corporation organized and existing under the laws of New York, with its principal place of business at 4000 Monroe Road, Charlotte, North Carolina 28205.

120. On information and belief, Clariant is the successor in interest to the specialty chemicals business of Sandoz Chemical Corporation ("Sandoz"). On information and belief, Sandoz spun off its specialty chemicals business to form Clariant in 1995.

121. On information and belief, Clariant supplied PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

122. Defendant Nation Ford Chemical Co. ("Nation Ford") is a corporation organized and existing under the laws of South Carolina, with its principal place of business located at 2300 Banks Street, Fort Mill, SC 29715.

123. On information and belief, Nation Ford supplied PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

124. On information and belief, 3M, ChemDesign, Deepwater Chemicals, and DuPont also supplied PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

125. On information and belief, the Fluorochemical Defendants supplied PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the

19

fluorosurfactants used in AFFF products that were stored, handled, used, trained with, tested equipment with, otherwise discharged, and/or disposed at LSE.

      iv.   Doe Defendants 1-20

126.    Doe Defendants 1-20 are unidentified entities or persons whose names are presently unknown and whose actions, activities, omissions  (a) may have permitted, caused and/or contributed to the contamination of Plaintiff's water sources or supply wells; or (b) may be vicariously responsible for entities or persons who permitted, caused and/or contributed to the contamination of Plaintiff's water sources or supply wells;  or (c) may be successors in interest to entities or persons who permitted, caused and/or permitted , contributed to the contamination of Plaintiff's water sources or supply wells. After reasonable search and investigation to ascertain the Doe Defendants actual names, the Doe Defendants' actual identities are unknown to Plaintiff as they are not linked with any of the Defendants on any public source.

127.    The Doe Defendants 1-20 either in their own capacity or through a party they are liable for: (1) designed, manufactured, marketed, distributed, and/or sold AFFF products containing PFOS, PFOA, and/or their chemical precursors, and/or designed, manufactured, marketed, distributed, and/or sold the fluorosurfactants and/or PFCs contained in AFFF/Component Products; or (2) used, handled, transported, stored, discharged, disposed of, designed, manufactured, marketed, distributed, and/or sold PFOS, PFOA, and/or their chemical precursors, or other non-AFFF products containing PFOS, PFOA, and/or their chemical precursors; or (3) failed to timely perform necessary and reasonable response and remedial measures to releases of PFOS, PFOA, and/or their chemical precursors, or other non-AFFF products containing PFOS, PFOA, and/or their chemical precursors in to the environment in which Plaintiff's water supplies and well exist.

128.   All Defendants, at all times material herein, acted by and through their respective agents, servants, officers and employees, actual or ostensible, who then and there were acting within the course and scope of their actual or apparent agency, authority or duties. Defendants are liable based on such activities, directly and vicariously.

129.   Defendants represent all or substantially all of the market for AFFF/Component Products at LSE.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

### A.   PFOA and PFOS and Their Risk to Public Health

130.   PFAS are chemical compounds containing fluorine and carbon that are not naturally occurring and must be manufactured.

131.   The two most widely studied types of PFAS are PFOA and PFOS.

132.   PFOA and PFOS have unique properties that cause them to be: (i) mobile and persistent, meaning that they readily spread into the environment where they break down very slowly; (ii) bioaccumulative and biomagnifying, meaning that they tend to accumulate in organisms and up the food chain; and (iii) toxic, meaning that they pose serious health risks to humans and animals.

133.   PFOA and PFOS are mobile because they easily dissolve in water and spread in the environment, where they can readily contaminate soils and leach from the soil into groundwater and travel significant distances.

134.   PFOA and PFOS are characterized by the presence of multiple carbon-fluorine bonds that make them thermally, chemically, and biologically stable; they resist degradation due to light, water, and biological processes.

135.   Bioaccumulation occurs when an organism absorbs a substance at a rate faster than the rate at which the substance is lost by metabolism and excretion. Biomagnification occurs when

21

the concentration of a substance in the tissues of organisms increases as the substance travels up the food chain.

136.    PFOA and PFOS bioaccumulate/biomagnify in numerous ways. First, they are relatively stable once ingested, so that they bioaccumulate in individual organisms for significant periods of time. Because of this stability, any newly ingested PFOA and PFOS will be added to any PFOA and PFOS already present. In humans, PFOA and PFOS remain in the body for years.

137.    PFOA and PFOS biomagnify up the food chain. This occurs, for example, when humans eat fish that have ingested PFOA and/or PFOS.

138.    PFOA and PFOS are persistent when released into the environment because their chemical structure makes them resistant to breakdown or environmental degradation.

139.    Exposure to PFAS is toxic and poses serious health risks to humans and animals.

140.    PFAS are readily absorbed after consumption or inhalation and accumulate primarily in the bloodstream, kidney, and liver.

## B.    Defendants' Manufacture and Sale of AFFF/Component Products

141.    AFFF is a type of water-based foam first developed in the 1960s to extinguish hydrocarbon fuel-based fires.

142.    AFFF is a Class-B firefighting foam. It is mixed with water and used to extinguish fires that are difficult to fight, particularly those that involve petroleum or other flammable liquids.

143.    AFFF is synthetically formed by combining fluorine-free hydrocarbon foaming agents with fluorosurfactants. When mixed with water, the resulting solution produces an aqueous film that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation aqueous film-forming foam.

22

144.   Beginning in the 1960s, the AFFF Defendants designed, manufactured, marketed, distributed, and/or sold AFFF products that used fluorosurfactants containing either PFOS, PFOA, or the chemical precursors that degrade into PFOS and PFOA.

145.   AFFF can be made without the fluorosurfactants that contain PFOA, PFOS, and/or their precursor chemicals. Fluorine-free firefighting foams, for instance, do not release PFOA, PFOS, and/or their precursor chemicals into the environment.

146.   AFFF that contains fluorosurfactants, however, is better at extinguishing hydrocarbon fuel-based fires due to their surface-tension lowering properties, essentially smothering the fire and starving it of oxygen.

147.   3M manufactured the fluorosurfactants in its AFFF products by 3M's patented process of electrochemical fluorination ("ECF").

148.   The fluorosurfactants used in other AFFF products sold by the AFFF Defendants were manufactured by the Fluorosurfactant Defendants through the process of telomerization.

149.   The PFCs the Fluorosurfactant Defendants needed to manufacture those fluorosurfactants contained PFOS, PFOA, and/or their chemical precursors, and were designed, manufactured, marketed, distributed and/or sold by the PFC Defendants.

150.   On information and belief, the PFC and Fluorosurfactant Defendants were aware that the PFCs and fluorosurfactants they designed, manufactured, marketed, distributed, and/or sold would be used in the AFFF products designed, manufactured, marketed, distributed, and/or sold by the AFFF Defendants.

151.   On information and belief, the PFC and Fluorosurfactant Defendants designed, manufactured, marketed, distributed, and/or sold the PFC and/or fluorosurfactants contained in the

23

AFFF products discharged into the environment at LSE during fire protection, training, and response activities, resulting in widespread PFAS contamination.

152.     On information and belief, the AFFF Defendants designed, manufactured, marketed, distributed, and/or sold the AFFF products discharged into the environment at LSE during fire protection, training, and response activities, resulting in widespread PFAS contamination.

**C.     Defendants' Knowledge of the Threats to Public Health and the Environment Posed by PFOS and PFOA**

153.     On information and belief, by at least the 1970s 3M and DuPont knew or should have known that PFOA and PFOS are mobile and persistent, bioaccumulative and biomagnifying, and toxic.

154.     On information and belief, 3M and DuPont concealed from the public and government agencies its knowledge of the threats to public health and the environment posed by PFOA and PFOS.

155.     Some or all of the Defendants understood from their first sale to a customer that the fluorinated surfactants used in AFFF are stable when released into the environment, yet they failed to warn their customers or provide reasonable instruction on how to manage wastes generated from their products.

i.     1940s and 1950s: Early Warnings About the Persistence of AFFF

156.     In 1947, 3M started its fluorochemical program, and within four years, it began selling its PFOA to DuPont. The persistence and contaminating nature of the fluorosurfactants contained in AFFF products were understood prior to their commercial application at 3M's Cottage Grove facility in Minnesota.

157.    The inventor of 3M's ECF process was J.H. Simons. Simons' 1948 patent for the ECF process reported that PFCs are "non-corrosive, and of little chemical reactivity," and "do not react with any of the metals at ordinary temperatures and react only with the more chemically reactive metals such as sodium, at elevated temperatures."[1]

158.    Simons further reported that fluorosurfactants produced by the ECF process do not react with other compounds or reagents due to the blanket of fluorine atoms surrounding the carbon skeleton of the molecule. 3M understood that the stability of the carbon-to-fluorine bonds prevented its fluorosurfactants from undergoing further chemical reactions or degrading under natural processes in the environment.[2]

159.    The thermal stability of 3M's fluorosurfactants was also understood prior to commercial production. Simons' patent application further discloses that the fluorosurfactants produced by the ECF process were thermally stable at temperatures up to 750° C (1382º F). Additional research by 3M expanded the understanding of the thermal stability of perfluorocarbon compounds.[3]

160.    Nowhere in any Material Safety Data Sheet for any of Defendants' AFFF/Component Products is information on the thermal stability of those products disclosed. Failure to disclose knowledge of the stability of the PFCs and fluorosurfactants used in AFFF products to customers is a failure to warn just how indestructible the AFFF's ingredients are when released to unprotected water sources and even treatment plants.

---

[1] Simons, J. H., Fluorination of Organic Compounds, U.S. Patent No. 2,447,717. August 24, 1948, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1005.pdf.

[2] Simons, J. H., 1950. Fluorocarbons and Their Production. Fluorine Chemistry, 1(12): 401-422, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX3008.pdf.

[3] Bryce, T. J., 1950. Fluorocarbons - Their Properties and Wartime Development. Fluorine Chemistry, 1(13): 423-462.

ii.   1960s: AFFF's Environmental Hazards Come into Focus

161.   By at least the end of the 1960s, additional research and testing performed by 3M and DuPont indicated that fluorosurfactants, including at least PFOA, because of their unique chemical structure, were resistant to environmental degradation and would persist in the environment essentially unaltered if allowed to enter the environment.

162.   One 3M employee wrote in 1964: "This chemical stability also extends itself to all types of biological processes; there are no known biological organisms that are able to attack the carbon-fluorine bond in a fluorocarbon."[4]  Thus, 3M knew by the mid-1960s that its surfactants were immune to chemical and biological degradation in soils and groundwater.

163.   3M also knew by 1964 that when dissolved, fluorocarbon carboxylic acids and fluorocarbon sulfonic acids dissociated to form highly stable perfluorocarboxylate and perfluorosulfonate ions. Later studies by 3M on the adsorption and mobility of FC-95 and FC-143 (the ammonium salt of PFOA) in soils indicated very high solubility and very high mobility in soils for both compounds.[5]

iii.   1970s: Internal Studies Provide Evidence of Environmental and Health Risks

164.   By 1950, 3M knew that the fluorosurfactants used in its AFFF product(s) would not degrade when released to the environment but would remain intact and persist. Two decades later—and after the establishment of a robust market of AFFFs using fluorosurfactants—3M finally got around to looking at the environmental risks that fluorosurfactants posed.

---

[4] Bryce, H.G., Industrial and Utilitarian Aspects of Fluorine Chemistry (1964), *available* at https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX3022.pdf.

[5] Technical Report Summary re : Adsorption of FC 95 and FC143 on Soil, Feb. 27, 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1158.pdf.

165.    An internal memo from 3M in 1971 states that "the thesis that there is 'no natural sink' for fluorocarbons obviously demands some attention."[6]  Hence, 3M understood at the very least that the fluorosurfactant used in its AFFF products would, in essence, never degrade once it was released into the environment.

166.    By the mid-1970s, 3M and Ansul (and possibly other Defendants) had an intimate understanding of the persistent nature of PFCs. A 1976 study, for example, observed no biodegradation of FC-95, the potassium salt of PFOS; a result 3M characterized as "unsurprising" in light of the fact that "[b]iodegradation of FC 95 is improbable because it is completely fluorinated."[7]

167.    In 1977, Ansul authored a report titled "Environmentally Improved AFFF," which acknowledged that releasing AFFF into the environment could pose potential negative impacts to groundwater quality.[8]  Ansul wrote: "The purpose of this work is to explore the development of experimental AFFF formulations that would exhibit reduced impact on the environment while retaining certain fire suppression characteristic . . . improvements [to AFFF formulations] are desired in the environmental area, i.e., development of compositions that have a reduced impact on the environment without loss of fire suppression effectiveness."  Thus, Ansul knew by the mid-1970s that the environmental impact of AFFF needed to be reduced, yet there is no evidence that Ansul (or any other Defendant) ever pursued initiatives to do so.

168.    A 1978 3M biodegradation study likewise reported that an "extensive study strongly suggest[ed]" one of its PFCs is "likely to persist in the environment for extended period

---

[6] Memorandum from H.G. Bryce to R.M. Adams re : Ecological Aspects of Fluorocarbons, Sept. 13, 1971, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1088.pdf.

[7] Technical Report Summary, August 12, 1976 [3MA01252037].

[8] Ansul Co., Final Report: Environmentally Improved AFFF, N00173-76-C-0295, Marinette, WI, Dec. 13, 1977, *available at* https://apps.dtic.mil/dtic/tr/fulltext/u2/a050508.pdf.

unaltered by metabolic attack."[9]  A year later, a 3M study reported that one of its fluorosurfactants "was found to be completely resistant to biological test conditions," and that it appeared waterways were the fluorosurfactant's "environmental sink."[10]

169.    In 1979, 3M also completed a comprehensive biodegradation and toxicity study covering investigations between 1975 and 1978.[11]  More than a decade after 3M began selling AFFF containing fluorosurfactants it wrote: "there has been a general lack of knowledge relative to the environmental impact of these chemicals."  The report ominously asked, "If these materials are not biodegradable, what is their fate in the environment?"

170.    During the 1970s, 3M also learned that the fluorosurfactants used in AFFF accumulated in the human body and were "even more toxic" than previously believed.

171.    In 1975, 3M learns that PFAS was present in the blood of the general population.[12] Since PFOA and PFOS are not naturally occurring, this finding should have alerted 3M to the possibility that their products were a source of this PFOS. The finding also should have alerted 3M to the possibility that PFOS might be mobile, persistent, bioaccumulative, and biomagnifying, as those characteristics could explain how PFOS from 3M's products ended up in human blood.

---

[9] Technical Report Summary re : Fate of Fluorochemicals in the Environment, Biodegradation Studies of Fluorocarbons - II, Jan. 1, 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1153.pdf.

[10] Technical Report Summary re : Fate of Fluorochemicals in the Environment, Biodegradation Studies of Fluorocarbons - III, July 19, 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1179.pdf.

[11] Technical Report Summary, Final Comprehensive Report on FM 3422, Feb. 2, 1979, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX2563.pdf.

[12] Memorandum from G.H. Crawford to L.C. Krogh et al. re: Fluorocarbons in Human Blood Plasma, Aug. 20, 1975, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1118.pdf.

172.     In 1976, 3M found PFAS in the blood of its workers at levels "up to 1,000 times 'normal' amounts of organically bound fluorine in their blood."[13]  This finding should have alerted 3M to the same issues raised by the prior year's findings.

173.     Studies by 3M in 1978 showed that PFOA reduced the survival rate of fathead minnow fish eggs,[14] that PFOS was toxic to monkeys,[15] and that PFOS and PFOA were toxic to rats.[16]  In the study involving monkeys and PFOS, all of the monkeys died within days of ingesting food contaminated with PFOS.

174.     In 1979, 3M and DuPont discussed 3M's discovery of PFOA in the blood of its workers and came to the same conclusion that there was "no reason" to notify the EPA of the finding.[17]

      iv.     <u>1980s and 1990s: Evidence of AFFF's Health Risks Continues to Mount</u>

175.     By at least the end of the 1980s, additional research and testing performed by Defendants, including at least 3M and DuPont, indicated that elevated incidence of certain cancers and other adverse health effects, including elevated liver enzymes and birth defects, had been observed among workers exposed to such materials, including at least PFOA, but such data was

---

[13] 3M Chronology – Fluorochemicals in Blood, Aug. 26, 1977, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1144.pdf.

[14] The Effects of Continuous Aqueous Exposure to 78.03 on Hatchability of Eggs and Growth and Survival of Fry of Fathead Minnow, June 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1176.pdf.

[15] Ninety-Day Subacute Rhesus Monkey Toxicity Study, Dec. 18, 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1191.pdf; Aborted FC95 Monkey Study, Jan. 2, 1979, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1193.pdf.

[16] Acute Oral Toxicity ($LD_{50}$) Study in Rats (FC-143), May 5, 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1170.pdf; FC-95, FC-143 and FM-3422 – 90 Day Subacute Toxicity Studies Conducted at IRDC – Review of Final Reports and Summary, Mar. 20, 1979, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1199.pdf.

[17] Memorandum from R.A. Prokop to J.D. Lazerte re: Disclosure of Information on Levels of Fluorochemicals in Blood, July 26, 1979, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX2723.pdf.

not published, provided to governmental entities as required by law, or otherwise publicly disclosed at the time.

176.    In 1981, DuPont tested for and found PFOA in the blood of female plant workers Parkersburg, West Virginia. DuPont observed and documented pregnancy outcomes in exposed workers, finding two of seven children born to female plant workers between 1979 and 1981 had birth defects—one an "unconfirmed" eye and tear duct defect, and one a nostril and eye defect.[18]

177.    In 1983, 3M researchers concluded that concerns about PFAS "give rise to concern for environmental safety," including "legitimate questions about the persistence, accumulation potential, and ecotoxicity of fluorochemicals in the environment."[19]  That same year, 3M completed a study finding that PFOS caused the growth of cancerous tumors in rats.[20]  This finding was later shared with DuPont and led them to consider whether "they may be obliged under their policy to call FC-143 a carcinogen in animals."[21]

178.    In 1984, 3M documented a trend of increasing levels of PFOS in the bodies of 3M workers, leading one of the company's medical officers to warn in an internal memo: "we must view this present trend with serious concern. It is certainly possible that . . . exposure opportunities are providing a potential uptake of fluorochemicals that exceeds excretion capabilities of the body."[22]

---

[18] C-8 Blood Sampling Results, *available at* http://tiny.cc/v8z1mz.

[19] 3M Environmental Laboratory (EE & PC), Fate of Fluorochemicals - Phase II, May 20, 1983, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1284.pdf.

[20] Two Year Oral (Diet) Toxicity/Carcinogenicity Study of Fluorochemical FC-143 in Rats, Volume 1 of 4, Aug. 29, 1987, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1337.pdf.

[21] Memorandum from R.G. Perkins to F.D. Griffith re: Summary of the Review of the FC-143 Two-Year Feeder Study Report to be presented at the January 7, 1988 meeting with DuPont, January 5, 1988, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1343.pdf.

[22] Memorandum from D.E. Roach to P.F. Riehle re: Organic Fluorine Levels, Aug. 31, 1984, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1313.pdf.

179.     A 1997 material safety data sheet ("MSDS") for a non-AFFF product made by 3M listed its only ingredients as water, PFOA, and other perfluoroalkyl substances and warned that the product includes "a chemical which can cause cancer." The MSDS cited "1983 and 1993 studies conducted jointly by 3M and DuPont" as support for this statement. On information and belief, the MSDS for 3M's AFFF products did not provide similar warnings or information.

> v.     Defendants Hid What They Knew from the Government and the Public.

180.     Federal law requires chemical manufacturers and distributors to immediately notify the EPA if they have information that "reasonably supports the conclusion that such substance or mixture presents a substantial risk of injury to health or the environment." Toxic Substances Control Act ("TSCA") § 8(e), 15 U.S.C. § 2607(e)

181.     In April 2006, 3M agreed to pay EPA a penalty of more than $1.5 million after being cited for 244 violations of the TSCA, which included violations for failing to disclose studies regarding PFOS, PFOA, and other PFCs dating back decades.

182.     Likewise, in December 2005, the EPA announced it was imposing the "Largest Environmental Administrative Penalty in Agency History" against DuPont based on evidence that it violated the TSCA by concealing the environmental and health effects of PFOA.

183.     On information and belief, Defendants knew or should have known that AFFF containing PFOA or PFOS would very likely injure and/or threaten public health and the environment, even when used as intended or directed.

184.     Defendants failed to warn of these risks to the environment and public health, including the impact of their AFFF/Component Products on the quality of unprotected water sources.

185.     Defendants were all sophisticated and knowledgeable in the art and science of designing, formulating, and manufacturing AFFF/Component Products. They understood far more

about the properties of their AFFF/Component Products—including the potential hazards they posed to human health and the environment—than any of their customers. Still, Defendants declined to use their sophistication and knowledge to design safer products.

**D.      The Impact of PFOS and PFOA on the Environment and Human Health Is Finally Revealed**

186.    As discussed above, neither 3M, DuPont, nor, on information and belief, any other Defendant complied with their obligations to notify EPA about the "substantial risk of injury to health or the environment" posed by their AFFF/Component Products. *See* TSCA § 8(e).

187.    Despite decades of research, 3M first shared its concerns with EPA in the late 1990s. In a May 1998 report submitted to EPA, "3M chose to report simply that PFOS had been found in the blood of animals, which is true but omits the most significant information," according to a former 3M employee.[23]

188.    On information and belief, 3M began in 2000 to phase out its production of products that contained PFOS and PFOA in response to pressure from the EPA.

189.    Once the truth about PFOS and PFOA was revealed, researchers began to study the environmental and health effects associated with them, including a "C8 Science Panel" formed out of a class action settlement arising from contamination from DuPont's Washington Works located in Wood County, West Virginia.

190.    The C8 panel consisted of three epidemiologists specifically tasked with determining whether there was a probable link between PFOA exposure and human diseases. In 2012, the panel found probable links between PFOA and kidney cancer, testicular cancer,

---

[23] Letter from R. Purdy, Mar. 28, 1999, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1001.pdf.

32

ulcerative colitis, thyroid disease, pregnancy-induced hypertension (including preeclampsia), and hypercholesterolemia.

191.    Human health effects associated with PFOS exposure include immune system effects, changes in liver enzymes and thyroid hormones, low birth weight, high uric acid, and high cholesterol. In laboratory testing on animals, PFOA and PFOS have caused the growth of tumors, changed hormone levels, and affected the function of the liver, thyroid, pancreas, and immune system.

192.    The injuries caused by PFAS can arise months or years after exposure.

193.    Even after the C8 Science Panel publicly announced that human exposure to 50 parts per trillion, or more, of PFOA in drinking water for one year or longer had "probable links" with certain human diseases, including kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, preeclampsia, and medically-diagnosed high cholesterol, Defendants repeatedly assured and represented to governmental entities, their customers, and the public (and continue to do so) that the presence of PFOA in human blood at the levels found within the United States presents no risk of harm and is of no legal, toxicological, or medical significance of any kind.

194.    Furthermore, Defendants have represented to and assured such governmental entities, their customers, and the public (and continue to do so) that the work of the independent C8 Science Panel was inadequate to satisfy the standards of Defendants to prove such adverse effects upon and/or any risk to humans with respect to PFOA in human blood.

195.    At all relevant times, Defendants, through their acts and/or omissions, controlled, minimized, trivialized, manipulated, and/or otherwise influenced the information that was published in peer-review journals, released by any governmental entity, and/or otherwise made available to the public relating to PFAS in human blood and any alleged adverse impacts and/or

risks associated therewith, effectively preventing the public from discovering the existence and extent of any injuries/harm as alleged herein.

196.    On May 2, 2012, the EPA published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty contaminants of concern between 2013 and 2015, including PFOS and PFOA.[24]

197.    In the May 2015 "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFAS's)," scientists and other professionals from a variety of disciplines, concerned about the production and release into the environment of PFOA, called for greater regulation, restrictions, limits on the manufacture and handling of any PFOA containing product, and to develop safe non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.[25]

198.    On May 25, 2016, the EPA released a lifetime health advisory (HAs) and health effects support documents for PFOS and PFOA.[26] *See* Fed. Register, Vol. 81, No. 101, May 25, 2016. The EPA developed the HAs to assist governmental officials in protecting public health when PFOS and PFOA are present in drinking water. The EPA HAs identified the concentration of PFOS and PFOA in drinking water at or below which adverse health effects are not anticipated to occur over a lifetime of exposure at 0.07 ppb or 70 ppt. The HAs were based on peer-reviewed studies of the effects of PFOS and PFOA on laboratory animals (rats and mice) and were also

---

[24] *Revisions to the Unregulated Contaminant Monitoring Regulation (UCMR 3) for Public Water Systems*, 77 Fed. Reg: 26072 (May 2, 2012).

[25] Blum A, Balan SA, Scheringer M, Trier X, Goldenman G, Cousins IT, Diamond M, Fletcher T, Higgins C, Lindeman AE, Peaslee G, de Voogt P, Wang Z, Weber R. 2015. The Madrid statement on poly- and perfluoroalkyl substances (PFASs). Environ Health Perspect 123:A107–A111; http://dx.doi.org/10.1289/ehp.1509934.

[26] *See* Fed. Register, Vol. 81, No. 101, May 25, 2016, Lifetime Health Advisories and Health Effects Support Documents for Perfluorooctanoic Acid and Perfluorooctane Sulfonate.

informed by epidemiological studies of human populations exposed to PFOS. These studies indicate that exposure to PFOS and PFOA over these levels may result in adverse health effects, including:

a. Developmental effects to fetuses during pregnancy or to breastfed infants (e.g., low birth weight, accelerated puberty, skeletal variations);

b. Cancer (testicular and kidney);

c. Liver effects (tissue damage);

d. Immune effects (e.g., antibody production and immunity);

e. Thyroid disease and other effects (e.g., cholesterol changes).

199.    In addition, PFOS and PFOA are hazardous materials because they pose a "present or potential threat to human health."[27]

200.    In 2016, the National Toxicology Program of the United States Department of Health and Human Services ("NTP") and the International Agency for Research on Cancer ("IARC") both released extensive analyses of the expanding body of research regarding the adverse effects of PFCs. The NTP concluded that both PFOA and PFOS are "presumed to be an immune hazard to humans" based on a "consistent pattern of findings" of adverse immune effects in human (epidemiology) studies and "high confidence" that PFOA and PFOS exposure was associated with suppression of immune responses in animal (toxicology) studies.[28]

---

[27] *Id.*; *see also National Ass'n for Surface Finishing v. EPA*, 795 F.3d 1, 3, 6 (D.C. Cir. 2015) (referring to PFOS as a "toxic compound" and a "hazardous chemical.").

[28] *See* U.S. Dep't of Health and Human Services, Nat'l Toxicology Program, *NTP Monograph: Immunotoxicity Associated with Exposure to Perfluorooctanoic Acid or Perfluorooctane Sulfonate* (Sept. 2016), at 1, 17, 19, *available at* https://ntp.niehs.nih.gov/ntp/ohat/pfoa_pfos/pfoa_pfosmonograph_508.pdf

201.    IARC similarly concluded that there is "evidence" of "the carcinogenicity of . . . PFOA" in humans and in experimental animals, meaning that "[a] positive association has been observed between exposure to the agent and cancer for which a causal interpretation is . . . credible."[29]

202.    California has listed PFOA and PFOS to its Proposition 65 list as a chemical known to cause reproductive toxicity under the Safe Drinking Water and Toxic Enforcement Act of 1986.[30]

203.    The United States Senate and House of Representatives passed the National Defense Authorization Act in November 2017, which included $42 Million to remediate PFC contamination from military bases, as well as devoting $7 Million toward the Investing in Testing Act, which authorizes the Center for Disease Control and Prevention ("CDC") to conduct a study into the long-term health effects of PFOA and PFOS exposure.[31]  The legislation also required that the Department of Defense submit a report on the status of developing a new military specification for AFFF that did not contain PFOS or PFOA.[32]

---

[29] *See* Int'l Agency for Research on Cancer, IARC Monographs: *Some Chemicals Used as Solvents and in Polymer Manufacture* (Dec. 2016), at 27, 97, *available at* http://monographs.iarc.fr/ENG/Monographs/vol110/mono110.pdf.

[30] California Office of Environmental Health Hazard Assessment, *Chemicals Listed Effective Nov. 10, 2017 as Known to the State of California to Cause Reproductive Toxicity: Perfluorooctanoic Acid (PFOA) and Perfluorooctane Sulfonate (PFOS)*, Nov. 9, 2017, *available at* https://oehha.ca.gov/proposition-65/crnr/chemicals-listed-effective-november-10-2017-known-state-california-cause.

[31] National Defense Authorization Act for Fiscal Year 2018, H.R. 2810, 115th Congress (2017), *available at* https://www.congress.gov/115/plaws/publ91/PLAW-115publ91.pdf.

[32] *Id.*; *see also* U.S. Department of Defense, *Alternatives to Aqueous Film Forming Foam Report to Congress*, June 2018, *available at* https://www.denix.osd.mil/derp/home/documents/alternatives-to-aqueous-film-forming-foam-report-to-congress/.

204. In June 2018, the Agency for Toxic Substances and Disease Registry ("ATSDR") and EPA released a draft toxicological profile for PFOS and PFOA and recommended the drinking water advisory levels be lowered to 11 ppt for PFOA and 7 ppt for PFOS.[33]

205. On February 20, 2020, the EPA announced a proposed decision to regulate PFOA and PFOS under the Safe Drinking Water Act, which the agency characterized as a "key milestone" in its efforts to "help communities address per- and polyfluoroalkyl substances (PFAS) nationwide."[34]  Following a public comment period on its proposed decision, the EPA will decide whether to move forward with the process of establishing a national primary drinking water regulation for PFOA and PFOS.

**E.      Numerous States Adopt Strict Drinking Water Standards for PFOS and PFOA**

206. As more information about the environmental and health hazards of PFAS has come to light, numerous states have recently adopted drinking water standards for PFOS and PFOA that are more stringent than the limits announced by EPA in its May 2016 health advisory.

207. In April 2019, the State of Minnesota adopted advisory drinking water limits of 15 ppt for PFOS and 27 ppt for PFOA.

208. In early 2020, two more states adopted drinking water limits for PFOS and PFOA. The State of California adopted drinking water limits of 40 ppt for PFOS and 10 ppt for PFOA in February 2020, while a month later the State of Vermont adopted a limit of 20 ppt for the combined concentration of PFOS, PFOA, and three other PFAS chemicals.

---

[33] ATSDR, *Toxicological Profile for Perfluoroalkyls: Draft for Public Comment* (June 2018), *available at* https://www.atsdr.cdc.gov/toxprofiles/tp200.pdf.

[34] Press Release, *EPA Announces Proposed Decision to Regulate PFOA and PFOS in Drinking Water*, Feb. 20, 2020, *available at* https://www.epa.gov/newsreleases/epa-announces-proposed-decision-regulate-pfoa-and-pfos-drinking-water.

209.    Three more states finalized drinking water limits for PFOS and PFOA in the summer of 2020. The State of New Jersey was the first of three states, adopting limits of 13 ppt for PFOS and 14 ppt for PFOA in June 2020.  New York was next in adopting limits of 10 ppt for both chemicals in late July, followed by Michigan adopting limits of 16 ppt for PFOS and 8 ppt for PFOA in early August.

210.    Most recently, the State of Massachusetts adopted a drinking water limit in October 2020 requiring that the combined concentration of PFOS, PFOA, and four other PFAS chemicals not exceed 20 ppt.

### F.    Contamination at LSE Caused by the Use of AFFF

211.    PFAS have been detected in two of Plaintiff's municipal wells and in groundwater samples taken near the LSE. During the first half of 2020, the Wisconsin DNR approved a Work Plan for soil and groundwater testing and ordered an investigation into the PFAS contamination at LSE. Plaintiff hired OSG I Lab Methods to help conduct that investigation.

212.    Between July and November 2020, Plaintiff sampled wells in the vicinity of LSE and the results indicated that PFAS levels exceeded 1000 ppt in 9 wells, were between 100 and 1000 ppt in 16 wells, and were between 20 and 99 ppt in 15 wells. Moreover, from October 2020 through January 2021, 109 wells were sampled at 106 properties located close to the LSE. Of these samples, 40 were above the DNR's proposed standards.

213.    In response to these testing results, the DNR requested that the scope of the sampling of private wells be expanded in November 2020.

214.    Plaintiff has been responsible for continually testing its water supply and bearing the costs of the testing and analysis of the results.

215.    At the same time it is continuing to test, Plaintiff is also responding to concerns about PFAS in drinking water wells adjacent to airport property. Plaintiff has deployed bottled water to the affected residents in the flow zone of the LSE contamination.

216.    Plaintiff has incurred and will incur expenses to deal with the contaminated water and infrastructure modifications to ensure each residential and commercial property is served clean and safe water and will incur future sampling and remediation costs for PFOA and PFOS.

## CAUSES OF ACTION

### COUNT I:
### PUBLIC NUISANCE

217.    Plaintiff adopts, realleges, and incorporates the allegations in the preceding paragraphs, and further allege the following:

218.    PFAS contamination of the City's public wells and drinking water supply represents an unreasonable interference with the public's health and safety and, therefore, an ongoing public nuisance.

219.    Each Defendant's conduct, both individually and collectively, in creating the PFAS contamination, is a cause of the public nuisance.

220.    Each Defendant intentionally caused the public nuisance complained of herein. Each Defendant, either individually or collectively, (i) acted knowing that it was substantially certain that use of their AFFF Products would release substantial amounts of PFAS contaminates into the soil and result in groundwater contamination; and (ii) knew that its conduct was unreasonable as it was passing the actual costs of its product onto an unsuspecting public, including the City.

221.     Each Defendant also acted either knowing, or was substantially certain, that its false, deceptive, and misleading information and statements regarding the dangers of their AFFF products would result in the public nuisance and significant harm complained of herein.

222.     Each Defendant also acted either knowing, or was substantially certain, that its failure to properly develop and maintain effective controls over its PFAS products, would result in the public nuisance and significant harm complained of herein.

223.     Each Defendant, either individually or collectively, also engaged in an abnormally dangerous activity by using PFAS in AFFF Products since (i) the likelihood that the long-term harm that results from PFAS contamination of the environment, including ground water used for public drinking water, is great, (ii) the risk of PFAS contamination cannot be eliminated by exercising reasonable care, (iii) PFAS is not a naturally occurring substance and its introduction into the environment, including ground water, can only occur because of Defendants' decision to use PFAS contaminates in their AFFF Products, (iv) the people to whom Defendants sold their AFFF Products, including the City, were unaware of the abnormally dangerous nature of the PFAS contaminates and, thus, were unaware of the long-term environmental damage, including contamination of groundwater, posed by using Defendants' AFFF Products as Defendants intended, and (v) the risk to public health and safety of encouraging and promoting the introduction of PFAS contaminates far outweighs any fire-suppression benefit that AFFF Products using PFAS have over AFFF manufactured without PFAS.

224.     Each Defendant, either individually or collectively, was also negligent as each engaged in the conduct complained of herein to create an unreasonable risk of the public nuisance complained of herein, and then failed to abate the public nuisance they created. Moreover, each

Defendant's negligent conduct, both individually and collectively, was a cause of the public nuisance complained of herein.

225.    Each Defendant's conduct in causing the public nuisance complained of herein was unreasonable and the gravity of the harm caused far outweighs any utility of the Defendant's conduct

226.    Each defendant has caused, contributed to, and/or maintained such nuisance, and is a substantial contributor to such nuisance.

227.    Each Defendant's conduct damaged, and continues to damage, Plaintiff in an amount to be determined at trial.

228.    Plaintiff seeks monetary and injunctive relief to abate the public nuisance and halt the threat of future harm.

## COUNT II:
## PRIVATE NUISANCE

229.    Plaintiff adopts, realleges, and incorporates the allegations in the preceding paragraphs, and further allege the following:

230.    Plaintiff is the owner of land, easements, and water rights that permit it to extract groundwater for use in its wells to provide drinking water to its customers.

231.    Defendants' intentional, negligent, and/or reckless conduct, as alleged herein, has resulted in substantial contamination of Plaintiff's supply wells by PFOA and PFOS, human carcinogens that cause adverse human health effects and render water undrinkable.

232.    Defendants' manufacture, distribution, sale, supply, and marketing of AFFF containing PFOA/PFOS was unreasonable because Defendants had knowledge of PFOA and PFOS's unique and dangerous chemical properties and knew that contamination of public groundwater supply wells was substantially certain to occur, but failed to provide adequate warnings of, or take any other precautionary measures to mitigate, those hazards.

41

233. The contamination caused, contributed to, and/or maintained by Defendants substantially and unreasonably interferes with Plaintiff's property rights to appropriate, use, and enjoy water from its Wells 23 and 24.

234. Each defendant has caused, contributed to, and/or maintained such nuisance, and is a substantial contributor to such nuisance.

235. Each Defendant's conduct damaged, and continues to damage, Plaintiff in an amount to be determined at trial.

236. Plaintiff seeks monetary and injunctive relief to abate the public nuisance and halt the threat of future harm.

## COUNT III:
## TRESPASS

237. Plaintiff realleges and reaffirms all allegations set forth in the preceding paragraphs.

238. Plaintiff is the owner and operator of property, easements, wells, the right to appropriate and use groundwater, and water rights including those related to LSE. Defendants, their agents and employees, knew, or in the exercise of reasonable care should have known, that PFAS are extremely hazardous to groundwater and public water systems, including the property and other rights of Plaintiff.

239. Defendants so negligently, recklessly and/or intentionally failed to properly control, apply, use and/or dispose of PFAS contaminants, such that they proximately caused and continue to cause said contaminants to contaminate Plaintiff's water system and the surrounding groundwater system.

240. The contamination of Plaintiff's wells has varied over time and has not yet ceased. PFOA and/or PFOS continue to migrate into and enter Plaintiff's wells. The contamination is reasonably abatable.

42

241.    Plaintiff has not consented to, and does not consent to, this contamination.

242.    Defendants knew, or reasonably should have known, that Plaintiff would not consent to this trespass.

243.    As a direct and proximate result of the trespass, Plaintiff has been damaged and is entitled to injunctive relief to abate the trespass and other damages including, but not limited to, diminution in property value, loss of use and enjoyment, investigation, remediation, treatment, and/or to such other appropriate relief Plaintiff may elect at trial.

## COUNT IV:
## DEFECTIVE DESIGN

244.    Plaintiff adopts, realleges, and incorporates the allegations in the preceding paragraphs, and further allege the following:

245.    As manufacturers of AFFF/Component Products containing PFOS, PFOA, and/or their chemical precursors, Defendants owed a duty to all persons whom its products might foreseeably harm, including Plaintiff, and not to market any product which is unreasonably dangerous in design for its reasonably anticipated use.

246.    Defendants' AFFF/Component Products were unreasonably dangerous for its reasonably anticipated uses for the following reasons:

a.    PFAS causes extensive groundwater contamination, even when used in its foreseeable and intended manner;

b.    Even at extremely low levels, PFAS render drinking water unfit for consumption;

c.    PFAS poses significant threats to public health; and

d.    PFAS create real and potential environmental damage.

247.    Defendants knew of these risks and failed to use reasonable care in the design of their AFFF/Component Products.

248.    AFFF containing PFOS, PFOA, and/or their chemical precursors poses a greater danger to the environment and to human health than would be expected by ordinary persons such as Plaintiff and the general public.

249.    At all times, Defendants were capable of making AFFF/Component Products that did not contain PFOS, PFOA, and/or their chemical precursors. Thus, reasonable alternative designs existed which were capable of preventing Plaintiff's injuries.

250.    The risks posed by AFFF containing PFOS, PFOA, and/or their chemical precursors far outweigh the products' utility as a flame-control product.

251.    Those risks rendered Defendants' AFFF/Component Products unreasonably dangerous to persons and to property.

252.    Defendants' AFFF/Component Products were defectively designed at the time they left the control of their respective manufacturers, and the AFFF/Component Products reached their end user without substantial change in condition from when it was sold.

253.    The likelihood that Defendants' AFFF/Component Products would be spilled, discharged, disposed of, or released into the environment and the contamination of its private wells, which three of the four wells have tested positive for PFAS. Residential wells south of the airport have also been tested for PFAS. Twelve (12) have been tested so far, eight of which have tested positive, six above the DEP threshold. The risks posed and the groundwater contamination by AFFF containing PFOS, PFOA, and/or their chemical precursors far outweighed any burden on Defendants to adopt an alternative design, and outweighed the adverse effect, if any, of such alternative design on the utility of the product.

254. As a direct and proximate result of Defendants' unreasonably dangerous design, manufacture, and sale of AFFF/Component Products containing PFOS, PFOA, and/or their chemical precursors, Plaintiff's property has become contaminated.

255. Defendants knew that it was substantially certain that their acts and omissions described above would contaminate Plaintiff' wells and property. Defendants committed each of the above-described acts and omissions knowingly, willfully, and/or with fraud, oppression, or malice, and with conscious and/or reckless disregard for Plaintiff's property rights.

## COUNT V:
## FAILURE TO WARN

256. Plaintiff adopts, realleges, and incorporates the allegations in the preceding paragraphs, and further allege the following:

257. This cause of action is brought pursuant to Wisconsin law.

258. As manufacturers of AFFF/Component Products containing PFOS, PFOA, and/or their chemical precursors, Defendants knew or should have known that exposure to PFCs including PFOA, and PFOS was hazardous to the environment and to human health.

259. Defendants' AFFF/Component Products were unreasonably dangerous for its reasonably anticipated uses for the following reasons:

    a. PFAS causes extensive groundwater contamination, even when used in its foreseeable and intended manner;

    b. Even at extremely low levels, PFAS render drinking water unfit for consumption;

    c. PFAS poses significant threats to public health; and

    d. PFAS create real and potential environmental damage.

260.     Defendants had the duty to warn of the hazards associated with AFFF entering and poisoning the environment and groundwater because they knew of the dangerous, hazardous and toxic properties of the AFFF containing PFCs.

261.     Defendants knew of the health and environmental risks associated with their AFFF/Component Products and failed to provide a warning that would lead an ordinary reasonable user or handler of a product to contemplate the dangers associated with their products or an instruction that would have avoided Plaintiff's injuries.

262.     Despite Defendants' knowledge of the environmental and human health hazards associated with the use and/or disposal of their AFFF/Component Products in the vicinity of drinking water supplies, including PFAS contamination of public drinking supplies and private wells, Defendants failed to provide sufficient warning that the use, testing and storage of Defendants' product would cause the product to be released into the environment and cause the contamination to the environment groundwater, and drinking water, with PFOA and PFOS.

263.     Further, this contamination led to the exposure and bioaccumulation of PFOA and PFOS of the Plaintiff and increased their risk of developing numerous diseases as more fully set forth above.

264.     Defendants' breach of their duty to timely notify the Plaintiff's community and act reasonably in warning of the presence of PFOA and PFOS in AFFF, Plaintiff was forestalled from undertaking effective and immediate remedial measures and Plaintiff have expended and/or will be forced to expend significant resources to test, monitor, and remediate the effects of Defendants' negligence for many years.

265.     Adequate precautions, instructions and warnings could have reduced or avoided these foreseeable risks of harm to Plaintiff and its properties.

266.     Had Defendants provided adequate warnings, Plaintiff could have taken measures to avoid or lessen their exposure.

267.     Had Defendants provided adequate warnings to sensitive receptors, like those consumer water near its facilities, steps could have been taken to reduce or prevent the release of PFOA and PFOS into the environment, groundwater, and Plaintiff's drinking water. As a direct and proximate result of Defendants' failure to warn, Plaintiff's wells and property have become contaminated with PFAS chemicals.

268.     As such, Defendants' failure to provide adequate and sufficient warnings for the AFFF that they manufactured, marketed, and sold, renders the AFFF a defective product and unreasonably dangerous to persons and to property. This defective state was present at the time the AFFF / Component Products left control of their respective manufacturers, and the AFFF / Component Products reached their end user without substantial change with regard to the defective warnings.

269.     Defendants knew that it was substantially certain that their acts and omissions described above would contaminate Plaintiff's property. Defendants committed each of the above-described acts and omissions knowingly, willfully, and/or with fraud, oppression, or malice, and with conscious and/or reckless disregard for Plaintiff's property rights.

<u>**COUNT VI :**</u>
**NEGLIGENCE**

270.     Plaintiff adopts, realleges, and incorporates the allegations in the preceding paragraphs, and further allege the following:

271.     As manufacturers of AFFF/Component Products containing PFOS, PFOA, and/or their chemical precursors, Defendants owed a duty to Plaintiff and to all persons whom its products

might foreseeably harm and to exercise due care in the formulation, manufacture, sale, labeling, warning, and use of PFAS-containing AFFF.

272.   Defendants owed a duty to Plaintiff to act reasonably and not place inherently dangerous AFFF/Component Products into the marketplace when its release into the air, soil, and water was imminent and certain.

273.   Defendants knew or should have known that PFAS were leaching from AFFF used for fire protection, training, and response activities.

274.   Defendants knew or should have known that PFAS are highly soluble in water, highly mobile, extremely persistent in the environment, and high likely to contaminate water supplies if released into the environment.

275.   Defendants knew or should have known that the manner in which they were designing, manufacturing, marketing, distributing, and selling their AFFF/Component Products would result in the contamination of Plaintiff' wells and property with PFAS.

276.   Despite the fact that Defendants knew or should have known that PFAS are toxic, can contaminate water resources and are carcinogenic, Defendants negligently:

   a.   designed, manufactured, formulated, handled, labeled, instructed, controlled, marketed, promoted, and/or sold AFFF/Component Products containing PFOS, PFOA, and/or their chemical precursors;

   b.   issued deficient instructions on how their AFFF/Component Products should be used and disposed of, thereby permitting PFAS to contaminate the groundwater in and around LSE;

c. failed to recall and/or warn the users of their AFFF/Component Products of the dangers of groundwater contamination as a result of standard use and disposal of their products;

d. failed and refused to issue the appropriate warning and/or recalls to the users of their AFFF/Component Products; and

e. failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

277. The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiff was minimal, as the practical consequences of placing this burden on the Defendants amounted to a burden to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF/Component Products.

278. As manufacturers, Defendants were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF/Component Products, and to take steps to eliminate, correct, or remedy any contamination they caused.

279. As a direct and proximate result of Defendants' negligence, Plaintiff' property has been contaminated with PFAS.

280. Defendants knew that it was substantially certain that their acts and omissions described above would contaminate Plaintiff's wells and property. Defendants committed each of the above-described acts and omissions knowingly, willfully, and/or with fraud, oppression, or malice, and with conscious and/or reckless disregard for Plaintiff's property rights.

## COUNT VII:
## ACTUAL FRAUDULENT TRANSFER
### (DuPont and Chemours Co.)

281.    Plaintiff adopts, realleges, and incorporates the allegations in the preceding paragraphs, and further allege the following:

282.    Through their effectuation of the Spinoff, Chemours Co. and DuPont (the "Fraudulent Transfer Defendants") caused Chemours Co. to transfer valuable assets to DuPont, including but not limited to the $3.9 billion dividend (the "Transfers"), while simultaneously assuming significant liabilities (the "Assumed Liabilities").

283.    The Transfers and Assumed Liabilities were made for the benefit of DuPont.

284.    At the time that the Transfers were made and the Liabilities were assumed, and until the Spinoff was complete, DuPont was in a position to, and in fact did, control and dominate Chemours Co.

285.    The Fraudulent Transfer Defendants made the Transfers and incurred the Assumed Liabilities with the actual intent to hinder, delay, and defraud the creditors or future creditors of Chemours Co.

286.    Plaintiff has been harmed as a result of the conduct of the Fraudulent Transfer Defendants.

287.    Plaintiff is entitled to avoid the Transfers and to recover property or value transferred to DuPont.

## COUNT VIII:
## CONSTRUCTIVE FRAUDULENT TRANSFER
### (DuPont and Chemours Co.)

288.    Plaintiff adopts, realleges, and incorporates the allegations in the preceding paragraphs, and further allege the following:

289.    Chemours Co. did not receive reasonably equivalent value from DuPont in exchange for the Transfers and Assumed Liabilities.

290.    Each of the Transfers and the assumption of the Assumed Liabilities by Chemours Co. was made to or for the benefit of DuPont.

291.    At the time that the Transfers were made, and the Assumed Liabilities were assumed, and until the Spinoff was complete, DuPont was in a position to, and in fact did, control and dominate Chemours Co.

292.    The Fraudulent Transfer Defendants made the Transfers and assumed the Assumed Liabilities when Chemours Co. was engaged or about to be engaged in a business for which its remaining assets were unreasonably small in relation to its business.

293.    Chemours Co. was insolvent or in contemplation of insolvency at the time of the Transfers or became insolvent as a result of the Transfers and its assumption of the Assumed Liabilities.

294.    At the time that the Transfers were made, and Chemours Co. assumed the Assumed Liabilities, the Fraudulent Transfer Defendants intended to incur, or believed or reasonably should have believed, that Chemours Co. would incur debts beyond its ability to pay as they became due.

295.    Plaintiff has been harmed as a result of the Transfers.

296.    Plaintiff is entitled to avoid the Transfers and to recover property or value transferred to DuPont.

## CLAIM FOR PUNITIVE DAMAGES

297.    Plaintiff adopts, realleges, and incorporates the allegations in the preceding paragraphs, and further allege the following:

298.    Defendants engaged in willful, wanton, malicious, and or/reckless conduct that caused the foregoing damage upon Plaintiff, disregarding its protected rights.

51

299.    Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure PFAS would not be released into the environment and inevitably contaminate Plaintiff's wells and property.

300.    Defendants have caused great harm to Plaintiff, acting with implied malice and an outrageously conscious disregard for Plaintiff' rights and safety, such that the imposition of punitive damages is warranted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, THE CITY OF LA CROSSE, demands judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

    a.  A declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety and/or property of Plaintiff;

    b.  an award to Plaintiff of general, compensatory, exemplary, consequential, nominal, and punitive damages;

    c.  an order for an award of attorney fees and costs, as provided by law;

    d.  pre-judgment and post-judgment interest as provided by law;

    e.  equitable or injunctive relief;

    f.  compensatory damages according to proof including, but not limited to:

        i.  costs and expenses related to the past, present, and future investigation, sampling, testing, and assessment of the extent of PFAS contamination at LSE;

        ii.  costs and expenses related to past, present, and future treatment and remediation of PFAS contamination at LSE; and

        iii.  costs and expenses related to past, present, and future installation and maintenance of filtration systems to assess and evaluate PFAS at LSE;

g.  an order barring the transfer of DuPont's liabilities for the claims brought in this Complaint;

h.  an award of punitive damages in an amount sufficient to deter Defendants' similar wrongful conduct in the future;

i.  an award of consequential damages;

j.  an order for an award of attorney fees and costs, as provided by law;

k.  an award of pre-judgment and post-judgment interest as provided by law; and

l.  an order for all such other relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, THE CITY OF LA CROSSE, demands a trial by jury of all issues so triable as a matter of right.

DATED this 4th day of March 2021.

Respectfully submitted,

**CRUEGER DICKINSON, LLC**

Electronically Signed By: */s/ Erin Dickinson*
Charles J. Crueger, Esq. (SBN: 1029825)
Erin K. Dickinson, Esq. (SBN: 1036707)
Benjamin A. Kaplan, Esq. (SBN: 1082802)
4532 N. Oakland Ave,
Whitefish Bay, WI 53211
(414) 210-3868
*cjc@cruegerdickinson.com*
*ekd@cruegerdickinson.com*
*bak@cruegerdickinson.com*

**NAPOLI SHKOLNIK, PLLC**
Paul J. Napoli, Esq.
Andrew W. Croner, Esq.
Michelle Greene, Esq.
360 Lexington Avenue, 11th Fl.

New York, New York 10017
(212) 397-1000
*pnapoli@nsprlaw.com*
*acroner@napolilaw.com*
*mgreene@napolilaw.com*

| STATE OF WISCONSIN | CIRCUIT COURT | LA CROSSE COUNTY |
|---|---|---|

City of La Crosse vs. The 3M Company, AGC Chemicals Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt. LLC, BASF Corp., et al

**Electronic Notice
Status Change**

Case No: 2021CV000124

THE 3M COMPANY
8040 EXCELSIOR DRIVE
SUITE 400
MADISON WI 53717

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone, Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **LA CROSSE COUNTY**

City of La Crosse vs. The 3M Company, AGC Chemicals        **Electronic Notice**
Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt.      **Status Change**
LLC, BASF Corp., et al

Case No: 2021CV000124

AGC CHEMICALS AMERICAS INC.
55 E. UWCHLAN AVENUE
SUITE 201
EXTON PA 19341

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone, Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **LA CROSSE COUNTY**

City of La Crosse vs. The 3M Company, AGC Chemicals Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt. LLC, BASF Corp., et al

**Electronic Notice
Status Change**

Case No: 2021CV000124

AMEREX CORPORATION
301 S. BEDFORD ST.
SUITE 1
MADISON WI 53703

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone, Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **LA CROSSE COUNTY**

City of La Crosse vs. The 3M Company, AGC Chemicals Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt. LLC, BASF Corp., et al

**Electronic Notice
Status Change**

Case No: 2021CV000124

ARKEMA INC.
8040 EXCELSIOR DR
MADISON WI 53717

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone, Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **LA CROSSE COUNTY**

City of La Crosse vs. The 3M Company, AGC Chemicals     **Electronic Notice**
Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt.     **Status Change**
LLC, BASF Corp., et al

Case No: 2021CV000124

ARCHROMA MANAGEMENT LLC
301 S BEDFORD ST
STE 1
MADISON WI 53703

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone,
Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed
to file any documents and receive all communications from the court for this case
electronically. You will no longer need to provide traditional paper documents to this
party. You still need to provide traditional paper documents to the court and any other
parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at
608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

City of La Crosse vs. The 3M Company, AGC Chemicals Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt. LLC, BASF Corp., et al

**Electronic Notice Status Change**

Case No: 2021CV000124

BASF CORPORATION
301 S BEDFORD ST
STE 1
MADISON WI 53703

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone, Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

This form shall not be modified. It may be supplemented with additional material.

| **STATE OF WISCONSIN** | **CIRCUIT COURT** | **LA CROSSE COUNTY** |
|---|---|---|

City of La Crosse vs. The 3M Company, AGC Chemicals Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt. LLC, BASF Corp., et al

**Electronic Notice
Status Change**

Case No: 2021CV000124

---

BUCKEYE FIRE EQUIPMENT COMPANY
PO BOX 428
110 KINGS RD
KINGS MOUNTAIN NC 28086

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone, Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

---

City of La Crosse vs. The 3M Company, AGC Chemicals
Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt.
LLC, BASF Corp., et al

**Electronic Notice
Status Change**

Case No: 2021CV000124

---

CARRIER GLOBAL CORPORATION
13995 PASTEUR BLVD
PALM BEACH GARDENS FL 33418

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone,
Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed
to file any documents and receive all communications from the court for this case
electronically. You will no longer need to provide traditional paper documents to this
party. You still need to provide traditional paper documents to the court and any other
parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at
608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **LA CROSSE COUNTY**

City of La Crosse vs. The 3M Company, AGC Chemicals
Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt.
LLC, BASF Corp., et al

**Electronic Notice
Status Change**

Case No: 2021CV000124

CHEMDESIGN PRODUCTS INC.
8040 EXCELSIOR DR
STE 400
MADISON WI 53717

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone,
Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed
to file any documents and receive all communications from the court for this case
electronically. You will no longer need to provide traditional paper documents to this
party. You still need to provide traditional paper documents to the court and any other
parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at
608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **LA CROSSE COUNTY**

City of La Crosse vs. The 3M Company, AGC Chemicals Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt. LLC, BASF Corp., et al

**Electronic Notice
Status Change**

Case No: 2021CV000124

CLARIANT CORPORATION
8040 EXCELSIOR DR
STE 400
MADISON WI 53717

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone, Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**    **CIRCUIT COURT**    **LA CROSSE COUNTY**

---

City of La Crosse vs. The 3M Company, AGC Chemicals Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt. LLC, BASF Corp., et al

**Electronic Notice
Status Change**

Case No: 2021CV000124

---

CORTEVA INC
301 S BEDFORD ST
STE 1
MADISON WI 53703

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone, Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**  **CIRCUIT COURT**  **LA CROSSE COUNTY**

City of La Crosse vs. The 3M Company, AGC Chemicals Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt. LLC, BASF Corp., et al

**Electronic Notice
Status Change**

Case No: 2021CV000124

DEEPWATER CHEMICALS, INC.
196122 E COUNTY RD 40
WOODWARD OK 73801

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone, Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **LA CROSSE COUNTY**

---

City of La Crosse vs. The 3M Company, AGC Chemicals Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt. LLC, BASF Corp., et al

**Electronic Notice
Status Change**

Case No: 2021CV000124

---

DUPONT DE NEMOURS, INC.
974 CENTRE RD
BUILDING 730
WILMINGTON DE 19805

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone, Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **LA CROSSE COUNTY**

City of La Crosse vs. The 3M Company, AGC Chemicals Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt. LLC, BASF Corp., et al

**Electronic Notice Status Change**

Case No: 2021CV000124

DYNAX CORPORATION
PO BOX 285
79 WESTCHESTER AVE
POUND RIDGE NY 10576

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone, Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

---

City of La Crosse vs. The 3M Company, AGC Chemicals Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt. LLC, BASF Corp., et al

**Electronic Notice**
**Status Change**

Case No: 2021CV000124

---

E. I. DUPONT DE NEMOURS AND COMPANY
301 S BEDFORD ST
STE 1
MADISON WI 53703

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone, Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

City of La Crosse vs. The 3M Company, AGC Chemicals Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt. LLC, BASF Corp., et al

**Electronic Notice Status Change**

Case No: 2021CV000124

KIDDE-FENWAL, INC.
400 MAIN ST
ASHLAND MA 01721

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone, Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

City of La Crosse vs. The 3M Company, AGC Chemicals
Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt.
LLC, BASF Corp., et al

**Electronic Notice
Status Change**

Case No: 2021CV000124

NATION FORD CHEMICAL COMPANY
2300 BANKS ST
FORT MILL SC 29715

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone,
Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed
to file any documents and receive all communications from the court for this case
electronically. You will no longer need to provide traditional paper documents to this
party. You still need to provide traditional paper documents to the court and any other
parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at
608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**       **CIRCUIT COURT**       **LA CROSSE COUNTY**

City of La Crosse vs. The 3M Company, AGC Chemicals Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt. LLC, BASF Corp., et al

**Electronic Notice Status Change**

Case No: 2021CV000124

NATIONAL FOAM, INC.
350 E UNION ST
WEST CHESTER PA 19382

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone, Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

City of La Crosse vs. The 3M Company, AGC Chemicals Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt. LLC, BASF Corp., et al

**Electronic Notice Status Change**

Case No: 2021CV000124

THE CHEMOURS COMPANY FC, LLC
301 S BEDFORD ST
STE 1
MADISON WI 53703

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone, Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

City of La Crosse vs. The 3M Company, AGC Chemicals          **Electronic Notice**
Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt.          **Status Change**
LLC, BASF Corp., et al

Case No: 2021CV000124

DOE DEFENDANTS 1-20

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone, Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **LA CROSSE COUNTY**

City of La Crosse vs. The 3M Company, AGC Chemicals Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt. LLC, BASF Corp., et al

**Electronic Notice Status Change**

Case No: 2021CV000124

CHEMICALS, INC.
12321 HATCHERVILLE
BAYTOWN TX 77520

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone, Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **LA CROSSE COUNTY**

City of La Crosse vs. The 3M Company, AGC Chemicals Americas Inc, Amerex Corp., Arkema Inc, Archroma Mgmt. LLC, BASF Corp., et al

**Electronic Notice
Status Change**

Case No: 2021CV000124

THE CHEMOURS COMPANY
1007 MARKET STREET
PO BOX 2047
WILMINGTON DE 19899

For 2021CV000124, the electronic notice preference for Elizabeth Shannon Stone, Wisconsin attorney for Chemgaurd Inc. and Tyco Fire Products, LP, has changed.

Elizabeth Shannon Stone has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: April 12, 2021

This form shall not be modified. It may be supplemented with additional material.

FILED
04-12-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000124

STATE OF WISCONSIN          CIRCUIT COURT          LA CROSSE COUNTY

---

**CITY OF LA CROSSE**,

                              Plaintiff,

v.                                                    Case No. 2021-CV-124

**THE 3M COMPANY, AGC CHEMICALS
AMERICAS INC., AMEREX CORP.,
ARKEMA, INC., ARCHROMA MGMT.
LLC, BASF CORP.,** *et al.*,

                              Defendants.

---

**NOTICE OF APPEARANCE**

---

PLEASE TAKE NOTICE that the undersigned appears for defendants, Chemguard, Inc. and Tyco Fire Products, LP, in the above-entitled action and requests that all papers filed or served in this action be served upon her at her office at 777 East Wisconsin Avenue, Milwaukee, Wisconsin 53202-5306.

Dated this 12th day of April, 2021.

*Electronically Signed by Atty. Elizabeth S. Stone*
Elizabeth S. Stone, SBN 1102789
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
Phone:  (414) 297-4927
Facsimile:  (414) 297-4900
Email:  bstone@foley.com

*Attorneys for Defendants Chemguard Inc. and Tyco Fire Products, LP*

4842-5301-1173